**William MARCO, as Administrator, etc., Plaintiff,**

v.

**John Foster DULLES et al., Defendants-Appellees,**
**and**
**Ridge Realization Corporation, Defendant-Appellant.**

No. 312, Docket 25543.

United States Court of Appeals
Second Circuit.

Argued May 15, 1959.

Decided June 22, 1959.

Moore, Circuit Judge, dissented.

Fennelly, Eagan, Nager & Lage, New York City, Leo C. Fennelly, New York City, of counsel, for appellant.

Sullivan & Cromwell, New York City, Milton Pollack, New York City, of counsel, for appellees.

Before SWAN, HINCKS, and MOORE, Circuit Judges.

SWAN, Circuit Judge.

Judge Bryan's opinion denying the motion is reported in 169 F.Supp. 622. In taking its appeal appellant relied upon Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, 2 Cir., 239 F.2d 555, rehearing denied 241 F.2d 937, certiorari denied 355 U.S. 824, 78 S.Ct. 31, 2 L.Ed. 2d 38, as establishing that the order was appealable. Subsequent to taking its appeal the case of Fleischer v. Phillips, 2

Cir., 264 F.2d 515, certiorari denied Fleischer v. Benjamin, 359 U.S. 1002, 79 S.Ct. 1139, was decided by this court. That case demonstrates that an order denying a motion to disqualify attorneys is interlocutory and not appealable without compliance with 28 U.S.C.A. § 1292(b). Accordingly we are constrained to dismiss the appeal. So ordered.

MOORE, Circuit Judge (dissenting).

In my opinion the order of Judge Bryan is appealable and should be affirmed. There are certain advantages to both Bench and Bar in as much uniformity of decision as possible. This is another of the many cases in this circuit in which a party seeks to disqualify counsel for other parties because of an alleged conflict of interest between the clients now represented and those formally served. Canons 6 and 37 of the Canons of Ethics are here relied upon. The motion to disqualify is quite collateral to and separate from the issues in the suit itself which is a stockholders derivative suit to recover on behalf of the defendant, Blue Ridge Corporation, for fraud allegedly practiced upon the corporation by certain individual defendants, former members of the Board of Directors. The motion appealed from was heard upon affidavits and decided by the court below in a lengthy opinion resulting in the conclusion that the attorneys were not to be disqualified.

Previous to this appeal an almost identical situation was presented in Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, 2 Cir., 1956, 239 F.2d 555, 556. There a motion sought to disqualify lawyers representing the plaintiffs in actions claiming treble damages for violation of the antitrust laws. The trial judge there denied the motion to disqualify. This court, dealing directly with the question of appealability, said "A majority of the court are of opinion that with respect to appealability no distinction exists between orders granting disqualification and those refusing to do so. We think they fall within the class of orders described in Cohen v.

Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, as 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" The court added "Having concluded that appellate jurisdiction exists, we pass to a consideration of the merits of the appeal" (Chief Judge Clark dissented), which the court then proceeded to do. A rehearing was denied in 241 F.2d 937 and certiorari denied in 355 U.S. 824, 78 S.Ct. 31, 2 L.Ed.2d 38. Thereafter in Fleischer v. Phillips, 2 Cir., 1959, 264 F.2d 515, a similar attempt was made to disqualify attorneys and from a denial of the motions plaintiff appealed. Judge Herlands, after protracted hearings as to the merits, wrote a comprehensive, nineteen-page opinion. This court (Moore, C. J., dissenting) refused to follow the Harmar decision and, although the majority concurred with the conclusions of the two trial judges, proceeded to dismiss the appeal with the result that the matter must remain open for future consideration and adjudication.

Because of these conflicting decisions both dealing with the question of disqualification it is desirable to refer to the views of the Supreme Court on the subject of appealability. Prior to the recent legislation known as the Interlocutory Appeals Act (28 U.S.C.A. § 1292 (b)) the Supreme Court had clearly stated in Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, that an appeal prior to the termination of the main action by final judgment might be taken where the decision might "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated" (337 U.S. at pages 546–547, 69 S.Ct. at page 1225). Therefore, quite apart from the decisions either in Harmar or Fleischer,

Cohen v. Beneficial Indus. Loan Corp. would appear controlling. In this case the question of disqualification is not an "ingredient" of the stockholders' action against the Blue Ridge directors and should not in the interest of trial clarity "require consideration with it."

In my opinion the dismissal of this appeal will only accomplish all that both the Supreme Court and the recent legislation hoped to avoid, namely, repetition, duplication, delay and expense.

The order should be affirmed.