551 F.2d 531
 Fed. Sec. L. Rep. P 95,929
John SCHLICK, Individually and on behalf of all purchasers
of the common stock of Continental Steel
Corporation similarly situated, Plaintiff-Appellee,
v.
PENN-DIXIE CEMENT CORPORATION et al., Defendants,
Penn-Dixie Industries, Inc. (formerly Penn-Dixie Cement
Corporation), et al., Defendants-Appellants.
 No. 560, Docket 76-7439.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 5, 1977.
Decided March 17, 1977.
 
 Marc P. Cherno, New York City (Alan J. Russo, Fried, Frank, Harris, Shriver & Jacobson, New York City, Joseph H. Einstein, Aranow, Brodsky, Bohlinger, Benetar & Einhorn, New York City, of counsel), for defendants-appellants.
 Jeffrey L. Zivyak, New York City (Berman & Zivyak, New York City, of counsel), for plaintiff-appellee.
 Before MANSFIELD, GURFEIN and MESKILL, Circuit Judges.
 GURFEIN, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Southern District of New York (Judge Charles Metzner), based on the recommendation in a written opinion by Magistrate Schreiber, certifying a class action under Fed.R.Civ.P. 23(c)(1) and designating plaintiff John Schlick as the class representative. We have previously sustained the original complaint which charged, inter alia, violations of the Securities Exchange Act of 1934 by the defendants in connection with a merger of Continental Steel Corporation ("Continental") into a wholly-owned subsidiary of Penn-Dixie Cement Corporation ("PennDixie"). Schlick v. Penn-Dixie Cement Corp., 507 F.2d 374 (2d Cir. 1974), cert. denied, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). The specific violations charged are of Section 10(b), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (1974), as well as the proxy solicitation provision of Section 14(a), 15 U.S.C. § 78n(a), and Rule 14a-9, 17 C.F.R. § 240.14a-9 (1974).
 
 
 2
 The defendants-appellants are the directors of Penn-Dixie and of Continental. The appellants do not attack the class certification as failing to meet the requirements of Rule 23(b)(3). They do seek reversal of the designation of Schlick as a proper class representative on the ground that the District Court abused its discretion in determining that Schlick "will fairly and adequately protect the interests of the class." Rule 23(a)(4). The preliminary issue raised is whether the order is appealable. We hold that, in the circumstances present here, the order is not appealable, and accordingly, the appeal must be dismissed.
 
 
 3
 It is necessary to state certain salient facts briefly. Schlick became Executive Vice-President for finances and administration at Penn-Dixie in September 1968. During his tenure Penn-Dixie increased its control over Continental by acquiring in excess of 50% of its outstanding shares by June 1969. On April 15, 1969, Schlick became a director of Continental, as one of six Penn-Dixie directors to be named to the Continental Board. Schlick resigned from both the Penn-Dixie and Continental boards in August 1969. At the April 15, 1969 Board meeting of Continental, Schlick himself joined in a unanimous vote to continue in effect the 25 cents per share dividend which Continental had first declared in January 1969. The 25 cent dividend was a significant departure from the 80 cent dividend Continental had declared through 1968.
 
 
 4
 In June 1973, a merger was completed. Schlick, who had purchased 2,000 shares of Continental stock and 1,000 shares of Penn-Dixie stock in 1969, was among the Continental shareholders to accept the exchange offer.[1]
 
 
 5
 Schlick sues as a Continental shareholder on his own behalf and on behalf of his fellow shareholders. He complains that Penn-Dixie acquired control of Continental by the purchase of its stock from October 1967 to October 1969; that, having gained control, it placed its nominees on the Continental Board, caused Continental to engage in various activities detrimental to its interests, caused adjustments on the balance sheet of Continental, and caused the Continental dividend to be decreased, thus reducing the price of its shares in preparation for an unfair ratio of exchange in a forthcoming merger. Specific proxy violations are alleged in connection with the solicitation for approval of the merger in 1973.
 
 
 6
 The gravamen of the claim that Schlick is an inadequate representative of the class is that he was active in the purchase of Continental shares by Penn-Dixie which gave Penn-Dixie its 50% control, and that he voted to continue the decreased dividend which he now alleges was a part of the scheme to depress the price of Continental stock.
 
 
 7
 We have previously dealt with several aspects of appealability in respect of class actions. These appeals have dealt principally with certifications of a class.
 
 
 8
 Class action certification is not a final order, and hence, is not appealable, 28 U.S.C. § 1291, unless it comes within the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In Parkinson v. April Industries, Inc., 520 F.2d 650 (2d Cir. 1975), we repeated the tripartite test of the appealability of class actions which was stated in a number of our earlier opinions. See, e. g., Herbst v. International Tel. & Tel. Corp., 495 F.2d 1308 (2d Cir. 1974); Eisen v. Carlisle & Jacquelin, 479 F.2d 1005 (2d Cir. 1973) (Eisen III ), vacated and remanded, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); Kohn v. Royall, Koegel & Wells, 496 F.2d 1094 (2d Cir. 1974); General Motors Corp. v. City of New York, 501 F.2d 639, 644 (2d Cir. 1974). Our now familiar test is: (1) whether the class action determination is "fundamental to the further conduct of the case"; (2) whether review of that order is "separable from the merits"; and (3) whether the order will cause "irreparable harm to the defendant in terms of time and money spent in defending a huge class action." 520 F.2d at 656. The appellants contend that all three criteria are met.
 
 
 9
 The appellants urge us, in effect, to treat the issue of adequacy of representation as something different from the ordinary run of appeals from the grant or denial of class action designation. It is suggested that this order can cause them "irreparable harm * * * in terms of time and money" because they will not be protected by a judgment in a class action if the representation of the class turns out to have been inadequate. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). We have, indeed, held orders denying disqualification of counsel for the plaintiff class to be appealable. General Motors Corp. v. City of New York, supra, 501 F.2d at 644; Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800 (2d Cir. 1974) (en banc). The ratio decidendi was the conviction "that review of the final judgment will (not) provide adequate relief" 496 F.2d at 805. But cf. Community Broadcasting of Boston, Inc. v. FCC, 546 F.2d 1022 (D.C. Cir. 1976).
 
 
 10
 We think, however, that an order refusing to disqualify a lawyer for alleged conflict of interest is not the same as an order refusing to disqualify a party plaintiff as an inadequate representative of a class. The former generally turns on past relationships which are truly collateral to the lawsuit. In the case of a claimed inadequacy of representation of the class by a plaintiff, by contrast, the issue of conflict often turns on appraisal of the complaint and the activities of the plaintiff himself in matters that are the essence of the litigation and go directly to the merits.
 
 
 11
 Prudence dictates that, in general, an appellate court should not become involved in assessing inferences from facts yet unknown or sparsely developed at the early stage of the litigation when Rule 23 requires the prompt determination of class action status. That is particularly true when the order is one that could, in any event, only be reversed for abuse of discretion, and when the District Judge controlling the litigation will still have sufficient time to declare an inadequacy of representation as the picture becomes clearer. By then, notice having been given, there may be a readily available substitute class representative if the court finds the named plaintiff to be in a conflicting or untenable position either for the conduct of the trial or settlement.
 
 
 12
 This case is illustrative. Appellants contend that Schlick was so involved in anti-shareholder activity that he will be in a trial stance in which he will be compelled to consider strategy in terms of his own vulnerability. On the other hand, Schlick contends that the essential wrong was committed after he left and that all he did was to join in a unanimous vote at one meeting to continue the decreased dividend. A statement of the issue indicates that not enough has been charged against Schlick to make his designation by the District Court as representative of the class an abuse of discretion. Nor could we, in this case, resolve the underlying issue, without delving more deeply into the facts than we are permitted to do at this point, even if the record below were not so sparse and contradictory.
 
 
 13
 We must also be mindful that a mere charge is not proof, and that we ought not encourage the filing of counterclaims which could serve, in some cases, merely as strategic ploys to impede progress of litigation. We do not suggest that such is the case here. We simply decide that, at this threshold, we cannot say that the fears of appellants that they will not be protected by a judgment in the class action are sufficiently supported to permit us to review the interlocutory order below under the collateral order doctrine. See Phillips v. Tobin, 548 F.2d 408, 409 (2d Cir., 1976).
 
 
 14
 In Phillips v. Tobin, two claims of disqualification were asserted against Phillips who was permitted by the District Court as a layman to conduct a derivative stockholders suit as well as to serve as a representative plaintiff therein. The claims were that: (1) plaintiff, not being an attorney, had no right to prosecute a derivative action on behalf of Alleghany pro se; and (2) plaintiff was not an adequate representative plaintiff under the requirements of Fed.R.Civ.P. 23.1. The court held that an order denying disqualification on the first ground is appealable, but that an order refusing to disqualify the plaintiff on the ground that "the plaintiff does not fairly and adequately represent the interests of the shareholders . . . in enforcing the right of the corporation," Rule 23.1, is not appealable as a final order under the doctrine of Cohen v. Beneficial, supra.
 
 
 15
 On this appeal the emphasis is on the adequacy of representation in a class action under Rule 23, rather than in a derivative action under Rule 23.1, but some of the grounds suggested in the Phillips opinion are applicable to the former as well. The principal ground for denying appealability was "the factual variations present in the determination of adequacy of representation" which would not "establish a legal principle once and for all as is true of Cohen." Id. at 410.
 
 
 16
 We are not bound, however, to formulate a strict rule that in no case in which inadequacy of representation is charged, such as where essential facts are conceded, or the evidence is so substantial that it points only in one direction, would we entertain an appeal from a denial of a charge of inadequacy of representation. Unforeseen situations may arise when we shall have to take into account at an early stage the due process implications of Hansberry v. Lee, supra, but such situations would be unique and rare. The issue of the adequacy of the class representative should generally come to us only after we have accepted a 28 U.S.C. § 1292(b) certification from the District Judge or upon a showing that all three prongs of the tripartite test as set forth in Parkinson have been met. Neither of these conditions is met in this case. The certification was denied and, as we have shown, the order appealed from is not separable from the merits. In dismissing the appeal, we wish to make it clear, however, that we in no way intimate what the future course of the District Court should be on the merits of Schlick's alleged inadequacy.
 
 
 17
 Appeal dismissed.
 
 
 
 [1]
 Within six months of the merger, Schlick had also disposed of his Penn-Dixie shares. He holds only Penn-Dixie warrants