557 F.2d 953
 1977-1 Trade Cases 61,494
 R. T. ECKLES, Trustee in Bankruptcy for Mountain States
Sports, Inc. d/b/a Utah Stars, Cross-Claimant-Appellant,
v.
Frederick P. FURTH, Appellee,
American Basketball Association, Long Island Sports, Denver
Nuggets, Inc., Spurs Professional Basketball Club,
Ltd. and Indiana Pacers, L.P.,
Intervenor-Appellees.
AMERICAN BASKETBALL ASSOCIATION et al., Cross-Claimants,
v.
NATIONAL BASKETBALL ASSOCIATION et al., Cross-Defendants-Appellees.
Oscar ROBERTSON et al., Plaintiffs,
v.
NATIONAL BASKETBALL ASSOCIATION et al., Defendants.
 No. 1122, Docket 77-7105.
 United States Court of Appeals, Second Circuit.
 Argued April 22, 1977.
Decided June 16, 1977.
 
 Thomas V. Heyman, New York City (Watson, Leavenworth, Kelton & Taggart, Maxim H. Waldbaum, New York City, and Robert G. Pierce, Butler, Landrum, Pierce and Turner, Lakewood, Colo., of counsel), for cross-claimant-appellant.
 Frederick P. Furth, pro se.
 Robert S. Carlson, New York City (Spengler, Carlson, Gubar, Churchill & Brodsky, William J. McSherry, Jr., Alison Rivard, New York City, of counsel), for intervenor-appellees.
 Michael A. Cardozo, New York City (Proskauer, Rose, Goetz & Mendelsohn, Richard L. Wasserman, New York City, of counsel), for cross-defendants-appellees other than Madison Square Center Garden, Inc. and Madison Square Garden Corp.
 Before WATERMAN, SMITH and FEINBERG, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 In Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800 (2d Cir. 1974) (en banc), we held that orders granting or denying disqualification motions are directly appealable. Since then, "such motions and appeals have proliferated," W. T. Grant & Co. v. Haines, 531 F.2d 671, 678 (2d Cir. 1976), and we are now presented with an unusual variation on the Silver Chrysler line of cases. Appellant R. T. Eckles, the trustee in bankruptcy for Mountain States Sports, Inc., seeks to appeal from an order of the Southern District of New York, Robert L. Carter, J., granting a motion to withdraw as counsel, brought by Frederick P. Furth. For the reasons set forth below, we find that the Silver Chrysler rationale does not cover this situation and that the appeal must be dismissed for lack of appellate jurisdiction.
 
 
 2
 * In 1974, Furth was retained by the Commissioner of the American Basketball Association (ABA) and its Board of Trustees to begin a lawsuit against the National Basketball Association (NBA). He filed an antitrust action on behalf of the ABA and its then member teams in the Northern District of California and subsequently asserted the same claims as cross-claims in a consolidated action in the Southern District of New York brought by certain NBA players against the NBA and its member teams.[1] One of the members of the ABA represented by Furth was Mountain States Sports, Inc. (the Utah Stars), which has since been adjudicated bankrupt and whose claims are now presented by appellant trustee.
 
 
 3
 In June 1976, four of the ABA teams (the Expansion teams), as well as the ABA itself, all of whom are intervenor-appellees here, reached a settlement agreement with the NBA, under which those four teams joined the NBA.[2] Furth did not participate in the negotiations leading to the settlement, and afterwards he was instructed by the ABA and the teams that he represented to file dismissals of their cross-claims with prejudice, which he did. Counsel for the New York Nets, Robert S. Carlson, who was also special counsel and negotiator of the settlement agreement for the Expansion teams, then advised Furth that he believed that Furth "could no longer represent" the remaining cross-claimants in the Robertson action, because "a conflict of interest had been created by the settlement of the Robertson cross-claims." According to Carlson, the conflict was created by virtue of the "Joint Venture Agreement" to which all NBA teams, including the Expansion teams, are parties and which makes the partners in the NBA jointly and severally liable for the wrongful acts of any partner acting in the course of partnership business. According to appellant trustee, the possibility of conflict was manufactured by the agreement of the settling parties indemnifying the NBA against further litigation. In any event, Furth moved under the district court local rule[3] to withdraw as counsel. His papers referred to both the "Joint Venture Agreement" and the indemnification clause of the settlement as creating possible conflicts of interest and also noted that some of his clients intended to challenge the settlement agreement itself as violative of the antitrust laws.[4] The alleged conflict, in essence, was that Furth's continued prosecution of the cross-claims in the Robertson action, if successful, would require some of his former clients (the Expansion teams) to pay the judgment obtained by his other clients (including the Utah Stars). Judge Carter granted the motion to withdraw,[5] and the trustee in bankruptcy for Mountain States Sports appeals from that order.
 
 II
 
 4
 Appellant argues that the order granting Furth's motion to withdraw is similar to a disqualification order and is, therefore, appealable under Silver Chrysler, supra. As in that case, the trustee claims, it would be "fatuous to suppose that review of the final judgment will provide adequate relief," Silver Chrysler, supra, 496 F.2d at 805, because the bankrupt estate cannot afford the expense of hiring new counsel, who must then become familiar with the massive documentation involved in this heavily pretried antitrust litigation.
 
 
 5
 The appealability of disqualification orders has had a checkered history in this court. Prior to Silver Chrysler, orders granting motions to disqualify were generally considered, although without much discussion, to be appealable. See, e. g., W. E. Bassett Co. v. H. C. Cook Co., 302 F.2d 268 (2d Cir. 1962) (per curiam); see generally Note, Appealability of Denials of Motions to Disqualify Counsel, 1975 Wash.Univ.L.Q. 212, 220 n.17. The rationale for allowing an appeal as a matter of right was that "(a)n order granting disqualification seriously disrupts the progress of litigation and decisively sullies the reputation of the affected attorney . . ." Fleischer v. Phillips, 264 F.2d 515, 517 (2d Cir.), cert. denied, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959). Orders denying disqualification motions, on the other hand, were generally viewed as non-appealable. See Fleischer, supra. Silver Chrysler reversed this latter position and held that orders denying or granting disqualification were directly appealable. In so holding, the court stressed that if collateral issues, such as the unprofessional conduct allegedly involved in that case, were left unresolved, they might taint the underlying trial and result in an unnecessary waste of judicial resources. Silver Chrysler, supra, 496 F.2d at 806; see also Lefrak v. Arabian American Oil Co., 527 F.2d 1136, 1139 (2d Cir. 1975).
 
 
 6
 Apart from these specific policies affecting appealability of disqualification orders, it must be emphasized that Silver Chrysler itself was a "narrow exception to the general non-appealability of interlocutory orders established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)." W. T. Grant, supra, 531 F.2d at 678. And, recognizing the important principles embodied in the final judgment rule, "(w)e have repeatedly said that 'Cohen may not be abused by indiscriminate extension,' and that this exception to the usual rule of non-appealibility . . . 'must be kept within narrow bounds.' " United States Tour Operators Assoc. v. Trans World Airlines, Inc., 556 F.2d 126, 128 (2d Cir., 1977) (citations omitted). See also American Express Warehousing, Ltd. v. Transamerica Insurance Co., 380 F.2d 277, 280 (2d Cir. 1967).
 
 
 7
 We turn now to apply these general considerations to the case before us. Unlike an order denying disqualification, Furth's withdrawal actually reduces the possibility of tainting the trial. We realize that if this were the only consideration, orders granting disqualification would not be appealable, as they have been in this circuit for many years. But there is a difference between an order that compels an attorney to leave a case and one that permits him to do so, at his own request. In the latter instance, the attorney's own conclusion that ethical considerations require his withdrawal does not damage his reputation. Appellant claims that Furth's motion cannot be characterized as purely voluntary in light of the "advice" of the Expansion teams' special counsel to Furth that his withdrawal was necessary. The point has only surface validity. There is not the slightest indication that Furth would not have reached the same conclusion himself had his former clients never raised the issue.
 
 
 8
 Appellant's most weighty argument is that Furth's withdrawal "seriously disrupts" the progress of the litigation. Here, too, the proposition is overstated. The trustee has obviously been able to obtain able counsel to litigate the issue now before us,[6] and, we are told, is even now attempting to obtain the litigation files for this case in Furth's possession.[7] The trustee does not claim that he will be rushed to trial before new counsel can adequately prepare himself. Finally, this is a most unusual situation: A client is disputing its own attorney's view that a conflict of interest requires his withdrawal and the attorney's decision comes not from any shift in allegiance on his part, but from a change in position by some of his former clients.[8] We see a general need for restraint in applying the Cohen doctrine, see United States Tour Operators, supra, and we are concerned over the great number of recent appeals involving the Silver Chrysler holding.[9] Under all of these circumstances, we are not inclined to extend that holding one iota to permit an appeal from an order allowing an attorney to withdraw at his own request. We therefore dismiss the appeal for lack of appellate jurisdiction.
 
 
 
 [1]
 Robertson v. NBA, 389 F.Supp. 867 (S.D.N.Y.1975). The complaint filed in the Northern District of California was virtually identical to the cross-claims asserted in the Robertson action; both alleged that the NBA and its teams were conspiring to monopolize the business of professional basketball
 
 
 [2]
 The teams were the Denver Nuggets, the Indiana Pacers, the San Antonio Spurs, and the New York Nets. The New York Nets were not represented by Furth in the Robertson action. Two other teams were also part of the settlement, but they were not brought into the NBA and are not parties to this suit
 
 
 [3]
 Rule 4(c) of the General Rules For the Southern and Eastern Districts of New York provides:
 (c) (Southern District ) An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.
 
 
 [4]
 At least one such suit was filed. New Virginia Squires v. National Basketball Association, Civ.Action 76-699-N (E.D.Va.) (filed on Nov. 19, 1976). The Southern District of New York enjoined this action, as well as a parallel action by the New Orleans Buccaneers, New Orleans Buccaneers, Inc. v. National Basketball Association, Civ.Action 76-2467 (E.D.La.) (filed on Aug. 11, 1976). Memorandum Opinion, 70 Civ. 1526 (S.D.N.Y. March 7, 1977). New Virginia Squires is a non-settling cross-claimant in the Robertson action, and New Orleans Buccaneers, Inc. is a non-settling intervenor cross-claimant in that action
 
 
 [5]
 On December 23, 1976, Judge Zirpoli had granted Furth's similar motion to withdraw from the California action, see n.1 and accompanying text supra. Although the trustee also objected to that withdrawal, he sought no review of Judge Zirpoli's order. In this court, the intervenor-appellees argue that the prior order bars appellant from relitigating the withdrawal issue. We do not reach that issue or the merits of Judge Carter's withdrawal order because we conclude that the appeal must be dismissed
 
 
 [6]
 We also note that appellant trustee, if successful in its antitrust action, see note 1, supra, will be entitled to reasonable attorneys' fees. 15 U.S.C. § 15
 
 
 [7]
 The dispute over the possession of the litigation files in this case was argued orally in the district court on April 22, 1977. Judge Carter reserved decision pending our own decision in this appeal. We express no opinion on the merits of that dispute
 
 
 [8]
 Compare, e. g., NCK Organization Ltd. v. Bregman, 542 F.2d 128 (2d Cir. 1976); Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 518 F.2d 751 (2d Cir. 1975); cf. Hull v. Celanese Corp., 513 F.2d 568 (2d Cir. 1975); see generally Note, The Second Circuit and Attorney Disqualification Silver Chrysler Steers in a New Direction, 44 Fordham L.Rev. 130 (1975)
 
 
 [9]
 See NCK Organization Ltd., supra, 542 F.2d at 129 n.1 and cases cited therein