In re Loral Corporation, Petitioner.

**LORAL CORPORATION,
Plaintiff-Appellant,**

v.

**McDONNELL DOUGLAS
CORPORATION,
Defendant-Appellee.**

**Nos. 1555, 1556, Dockets 77–7311
and 77–3034.**

United States Court of Appeals,
Second Circuit.

Submitted June 27, 1977.
Decided July 29, 1977.

Willkie, Farr & Gallagher, New York City, David L. Foster, Alvin A. Simon, Wil-liam G. Scarborough and Francis J. Menton, Jr., New York City, of counsel, for plaintiff-appellant Loral Corp.

White & Case, New York City, Thomas McGanney and Todd B. Sollis, New York City, and Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., George S. Heck-er and Charles A. Weiss, St. Louis, Mo., of counsel, for defendant-appellee McDonnell Douglas Corp.

Barbara Allen Babcock, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., Robert E. Kopp, David J. Anderson and R. John Seibert, Attys., Dept. of Justice, Wash-ington, D.C., of counsel, for United States as amicus curiae.

Before LUMBARD, SMITH and OAKES, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Loral Corporation, a subcontractor de-signing and producing classified equipment for the Air Force, in August 1973 sued the prime contractor, McDonnell Douglas Cor-poration, on the subcontract in the United States District Court for the Southern Dis-trict of New York. McDonnell Douglas counterclaimed for alleged breaches by Lor-al. After extensive discovery over a long period a pretrial order was prepared under the supervision of a magistrate and adopted by the court.

The court, Marvin E. Frankel, *Judge,* struck the demand of Loral for a jury trial, found the case suitable for reference to a magistrate in view of its complexity and probable length of trial, the heavy demands on the court's time in the foreseeable future of criminal cases under the Speedy Trial Act, and the necessity for protection of much classified material which would be essential to trial of the issues on the com-plaint and counterclaims. The court or-dered the case referred generally to a mag-istrate as special master for hearing and the preparation and submission of proposed findings and conclusions.

■ Loral sought review of the orders by application for writ of mandamus and later filed what it termed a "protective appeal"

which McDonnell moved to strike. The motion to dismiss the appeal is granted. The order of reference is not a final judgment or order and is not reviewable on appeal. See *United States Tour Operators Ass'n v. Trans World Airlines, Inc.,* 556 F.2d 126, 128 (2d Cir. 1977); *Eckles v. Furth,* 557 F.2d 953, 956 (2d Cir. 1977). See also *American Express Warehousing, Ltd. v. Transamerica Insurance Co.,* 380 F.2d 277, 280 (2d Cir. 1967).

We dismiss the appeal since it was taken from orders not final and not presently appealable. The application for an extraordinary writ is properly before us. *La Buy v. Howes Leather Co.,* 352 U.S. 249, 254–55, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). We deny on the merits the petition for mandamus or other extraordinary relief.

■ We have examined the material submitted to us sufficiently to determine that a large amount of material properly classified confidential and secret must be submitted to the trier of fact in the case. We are persuaded that this circumstance is enough to make it inappropriate for jury trial. *United States v. Reynolds,* 345 U.S. 1, 10, 73 S.Ct. 528, 97 L.Ed. 727 (1953).

The Department of Defense has cleared, or can and will clear, for access to the material the judge and magistrate assigned to the case, the lawyers and any supporting personnel whose access to the material is necessary. The United States as amicus curiae objects, however, to any requirement for jury clearance in like manner. *Id.* at 7–8, 73 S.Ct. 528.

We are satisfied that jurors may not feasibly be handled by such a process. Long delays through investigation of prospective jurors, the lack of the usual job-related inducements and training for long-term commitments to secrecy by jurors picked from the general population and the difficulty in monitoring long-term compliance on the one hand, and the chilling effect of clearance investigations on proper functioning of the jurors as triers of fact on the other, support the court's conclusion that jury trial is not a practicable possibility. In any case, we note that both parties, in the contracts which are the subject matter of the litigation, have bound themselves to preserve the confidentiality of classified material.[1] Under the circumstances they have effectively waived the right to jury trial of issues involving the contracts. We will not disturb the order striking the claim for jury trial.

■ The determination of the propriety and necessity of a general reference to a magistrate presents questions of even greater difficulty. We are satisfied, however, that the reference, even though without the consent of both parties, was within the expanded powers of the court under the Federal Magistrate's Act of 1968, 28 U.S.C. § 631 *et seq.,* as amended,[2] and that it was a proper determination under those circumstances. Mere length and complexity of the prospective trial and the great demands of the pending case load, particularly criminal, would not be enough under the ruling of *La Buy v. Howes Leather Co., supra,* to justify such a reference. The length and complexity, of course, are elements complicating the problem of the trier in preserving the confidentiality of the classified material and in this sense support the necessity of the reference. There are additional elements involved here, moreover, in the nature of the

---

1. *Compare E.W. Bliss Co. v. United States,* 248 U.S. 37, 46, 39 S.Ct. 42, 63 L.Ed. 112 (1918); *United States v. Marchetti,* 466 F.2d 1309 (4th Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 553, 34 L.Ed.2d 516 (1972).

2. 90 Stat. 2729 (Oct. 21, 1976), 2 U.S.Code Cong. & Admin.News, amended § 636(b)(2) of Title 28 to read as follows:

A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of Rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

The amended provision apparently is intended to allow reference with the consent of the parties even where there is an uncomplicated case and no exceptional conditions.

required evidence and the difficulty in preserving its confidentiality.

 In today's version of what Winston Churchill termed the Wizard War, the courts are faced with the problem of resolving private civil disputes and at the same time preserving the confidentiality of developments by or for governmental defense agencies. One alternative in the most sensitive cases would be long-term postponement or complete denial of the forum to the litigants. However, Rule 53(b) of the Federal Rules of Civil Procedure provides another alternative. The rule permits reference to a master on a showing that some exceptional condition requires it. Moreover, the Congress has provided professional, experienced officers in the magistrates available to serve as special masters[3] and encouraged the "district courts to continue innovative experimentations in the use of this judicial officer."[4] S.Rep. No. 94–625, 94th Cong., 2d Sess. (1976), at 10. Courts of equity have the power and duty to adapt measures to accommodate the needs of the litigants with those of the nation, where possible.[5] The court here has properly utilized the tools provided in Rule 53(b) and the expanded Magistrate's Act.

We recognize the constitutional problem posed by the limitation of review of findings of a master under the rule by the "clearly erroneous" standard. *See Mathews v. Weber,* 423 U.S. 261, 269, 273, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The ultimate responsibility, however, remains with the court. At least as presently limited we perceive no deprivation of an article III court or of due process.[6]

Further long-term delay in this case to await the availability of a judge would compound the problems of protecting the confidentiality of the classified material. There already exists a dispute in the parties' affidavits as to the possible exposure in the office of the clerk of the district court. The case should proceed promptly to resolution. We approve the striking of the jury demand and reference to the magistrate as special master. We decline to issue the extraordinary writ sought.

The briefs, appendices and other papers filed with the court are ordered sealed subject to further order of the court.

---

**3.** See H.R.Rep. No. 94–1609 at 5 U.S.Code Cong. & Admin.News pp. 6162, 6172 (1976):

Enactment of this new subsection 636(b)(2) and experience in the use of magistrates as special masters, may serve to occasion a reappraisal of the power of the court to appoint a special master, i. e., the magistrate, to serve where one of the parties objects to the reference. [See, *La Buy v. Howes Leather Co.,* 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).] Indeed, the magistrate is not an attorney in private practice "appointed on an ad hoc basis" and the magistrate is experienced in judicial work.

The Senate report contains identical language. S.Rep. No. 94–625, 94th Cong., 2d Sess. (1976), at 10.

Both the Senate and the House Committees apparently invite a reappraisal by the Supreme Court of the *La Buy* rule where a magistrate is available for appointment as special master even in the ordinary *La Buy* situation.

**4.** 28 U.S.C. § 636(b)(3) says:

A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

**5.** See *C.A.B. v. Carefree Travel, Inc.,* 513 F.2d 375, 379–81 (2d Cir. 1975).

**6.** *Crowell v. Benson,* 285 U.S. 22, 51, 52 S.Ct. 285, 76 L.Ed. 598 (1932). Note, *Masters and Magistrates in the Federal Courts,* 88 Harv.L. Rev. 779 (1975).