Michael R. PIAZZA and Eleanor M. Piazza, Plaintiffs,

v.

CARSON CITY, et al., Defendants.

No. Civ. R–86–268 BRT.

United States District Court, D. Nevada.

Feb. 3, 1987.

Madison & Works (Wm. J. Works), Carson City, Nev., for plaintiffs.

Davenport & Perry, Robert H. Perry, Reno, Nev., for Dunn.

Charles P. Cockerill, Chief Deputy Dist. Atty., Carson City Dist. Atty's. Office, Carson City, Nev., for Carson City, Bandera, Waters and Loomis.

## ORDER DENYING MOTION TO DISBAR PLAINTIFFS' ATTORNEYS

BRUCE R. THOMPSON, District Judge.

Defendant Hal V. Dunn, prompted by his attorney, Robert H. Perry, has filed, in camera, on November 24, 1986, a motion to disbar William Works and Gerald Madison from practicing before the United States District Court for the District, of Nevada. The motion is filed as a procedural step in the action entitled above, which was commenced to vindicate alleged deprivations of plaintiffs' civil rights by defendants.

The motion to disbar is hotly contested by Madison and Works and there appears to be a substantial evidentiary dispute respecting the three charges of professional misconduct, i.e., subornation of a false affidavit of a witness, procurement of a false affidavit from Mr. Madison, and failure to disclose a partial settlement proposal to their clients, the plaintiffs.

In bringing the motion to disbar, defendant relies upon Fed.R.Civ.P. 11, and L.R. 100–3, 120–8 and 130–6.

■ Rule 11 Fed.R.Civ.P. permits the imposition of sanctions for the bad faith misconduct of counsel including "an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." It was never contemplated that an "appropriate sanction" under the rule would be disbarment from practice.

■ Similarly, the "sanctions authorized by statute or rule" permitted by Rule 100–3 of the Local Rules of Practice for the United States District Court for the District of Nevada do not encompass the discipline of disbarment from practice before the court.

■ L.R. 120–8 is the rule which treats specifically of "Ethical Standards, Disbarment, Suspension and Discipline" of attorneys admitted to practice before this court. The rule states:

(a) The standards of conduct of the members of the bar of this court, of nonresident Government attorneys, and of nonresident attorneys admitted to practice before this court in a particular case shall be those prescribed by the Code of Professional Responsibility and the Model Rules of Professional Conduct as such may be adopted from time to time by the Supreme Court of Nevada

except as such may be modified by this court. Any member of the bar of this court who violates the aforementioned standards of conduct may be disbarred, suspended from practice for a definite time, reprimanded or subjected to such other discipline as the court may deem proper. This subsection is not a restriction on the court's contempt power.

(b) Whenever any member of the bar of this court or any other attorney admitted to practice before this court has been:

(1) Disbarred or suspended from practice by the Supreme Court of the State of Nevada or the highest court of the State, Commonwealth or territory or of the District of Columbia in which he/she regularly practices law or has been convicted of a felony in any court, such attorney shall be suspended forthwith from practice before this court; or

(2) Transferred to disability inactive status on the grounds of incompetency or disability by the Supreme Court of the State of Nevada or the highest court of the State, Commonwealth or territory or of the District of Columbia in which he/she regularly practices law, such attorney shall be placed on disability inactive status;

unless good cause to the contrary is shown, there shall be entered after notice and an opportunity for a hearing, an order of disbarment or suspension or transfer to disability inactive status, for such time as the court may fix.

It is noteworthy that the rule provides no procedural machinery for the initiation in this court of a disbarment proceeding except for the last sentence of Rule 120–8(b)(2), *supra*, which applies only after discipline has been ordered "by the Supreme Court of the State of Nevada or the highest court of the State, Commonwealth or territory or the District of Columbia in which he/she regularly practices law." The failure to provide such procedural machinery in the local rules was not accidental. It

was deliberate. The rules contemplate that serious charges of professional misconduct which might lead to suspension or disbarment from practice should be processed pursuant to the procedures established by Rules 99 to 119 of the Rules of the Supreme Court of the State of Nevada.

L.R. 120–8(a) specifically acknowledges the availability of the contempt power to sanction less serious professional misconduct of an attorney and, of course, many provisions of the Federal Rules of Civil Procedure provide for sanctions in specific instances of procedural violations.

This is not to say that the judges of this court are precluded from consideration of a motion or petition pursuant to L.R. 120–8(a), *supra*, looking toward the disbarment, suspension, reprimand or other discipline of an attorney admitted to practice before this court if the judge or judges, in his or their discretion, deem it appropriate to do so. If such a situation should occur, procedures may be devised by special order to conform with the requirements of due process. Absent an exceptional case, however, discipline contemplating disbarment or suspension should be processed under the rules of the Supreme Court of the State of Nevada.

This very case is a prime example of the wisdom of this course. If this court should undertake to try the charges and counter-charges made in the bulky written representations of counsel, this procedure might well take longer than the trial of the principal action. The rights of the litigants should not be disregarded or impaired by embarking on this sort of collateral undertaking.

■ It is clear that a disbarment order from the Supreme Court of Nevada would not be binding upon this court but would be entitled to great weight. *Clark v. State of Washington*, 366 F.2d 678 (9th Cir.1966). Accordingly, L.R. 120.8(b)(2) provides for notice to the attorney and an opportunity for a hearing if a petition for disbarment is predicated upon a prior order of the Su-

preme Court of Nevada. Thus the requirements of due process are fulfilled. *In re Los Angeles County Pioneer Society*, 217 F.2d 190 (9th Cir.1954).

We recognize that in *Ceramco, Inc. v. Lee Pharmacuticals*, 510 F.2d 268 (2d Cir. 1975), the Second Circuit made a strong statement which facially imposes upon this court the duty to try and decide motions for disbarment:

The disqualification order is properly before this court. The district court was incorrect in its view that the various bar associations constitute the only proper forum for investigation of a claim of professional misconduct. On the contrary, the courts have not only the supervisory power but also the duty and responsibility to disqualify counsel for unethical conduct prejudicial to his adversaries. See, e.g., *General Motors Corp. v. City of New York*, 501 F.2d 639 (2d Cir.1974); *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 496 F.2d 800 (2d Cir.1974) (en banc); *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562 (2d Cir.1973). Further, as we made clear in *Silver Chrysler Plymouth, Inc.*, supra, 496 F.2d at 805–806, an order denying disqualification of counsel is "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it" and is thus directly appealable under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

After so stating, however, the court proceeded to summarize all the circumstances of that case and found that "while counsel's behavior is not to be commended ... the typical situation in which disqualification has been found to be an appropriate remedy has involved a conflict of interest such that continued representation by chosen counsel clearly prejudiced the rights of the opposing party and ... posed a substantial threat to the integrity of the judicial process." The court concluded:

In sum, Ceramco's counsel's actions, while demonstrating an unfortunate, insensitivity to the etiquette of the bar, had no possibility of so prejudicing the opponent that the firm should be barred from the case entirely or the client punished by precluding reliance on counsel's work product. Accordingly, if any corrective action is to be taken, it should be accomplished under the auspices of the appropriate bar association and should in no way be permitted to affect the decision on the merits of the case.

The present motion by defendant Dunn, under the guise of invoking attorney discipline, would have this court decide in such a collateral proceeding a critical issue of the credibility of a witness, Kathy Russell. So to proceed would not only be disruptive of orderly processing of this action but might infringe the rights of the parties to a jury trial wherein the jurors would have this same issue of credibility for their determination. We do not, of course, condone the charged misconduct of plaintiffs' counsel, if true, but, as observed in *Lee Pharmacuticals, supra*, the continued representation of plaintiffs by present counsel will not prejudice the rights of defendants or pose a substantial threat to the integrity of the judicial process.

In consideration of the premises,

IT HEREBY IS ORDERED that the motion to disbar Madison and Works, attorneys, is denied without prejudice to any proceedings which may be initiated pursuant to the rules of the Supreme Court of the State of Nevada.