876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie Mae SUTTLES, Administratix of the Estate of Wadie
Suttles, Sr., Deceased, Plaintiff-Appellant
v.
Gene ROBERTS, Mayor; Loyce Thomas Kennedy; Chattanooga
City Commission; Frank King, Dr.; Eugene McCutcheon;
Eugene Collins; Bill Vincent, Lt.; Mike Williams; Melvin
Carson, Individually and in their official capacities; City
of Chattanooga, Tennessee; Jack Adams, Dr., (former) County
Coroner, Hamilton County, Tennessee, Defendants-Appellees.
 No. 89-5415.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1989.
 
 1
 Before RALPH B. GUY and RYAN, Circuit Judges and DAVID D. DOWD, Jr., District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of appellees' motion to dismiss the appeal for lack of jurisdiction. In particular, they maintain that appellant has attempted to take an appeal from a non-final order. Appellant has not responded to the motion to dismiss.
 
 
 3
 Review of the papers before the court indicates that appellant filed a civil rights complaint in the District Court for the Eastern District of Tennessee on February 27, 1989. The district court then referred the case to a magistrate for the disposition of any pre-trial matters pursuant to 28 U.S.C. Sec. 636(b). Appellant, however, objected to that action and moved for the removal of the magistrate from any involvement in the case. The district court, denied that motion by order entered March 23, 1989 and appellant filed this appeal.
 
 
 4
 This court lacks jurisdiction over the appeal. Specifically, appellate jurisdiction is generally limited to the review of final judgments and certain specified interlocutory orders. 28 U.S.C. Secs. 1291 and 1292. The district court's order denying appellant's motion to withdraw the reference of her cause of action to a magistrate is not included in the first of those categories as it clearly is not a final judgment disposing of the case on the merits. Neither is the order a fit subject for interlocutory review. In re Dalton, 733 F.2d 710, 714 (10th Cir.1984), cert. dismissed, 469 U.S. 1185 (1985); Loral Corp. v. McDonnell Douglas Corp., 558 F.2d 1130, 1132 (2d Cir.1977).
 
 
 5
 Accordingly, it is ORDERED that the motion to dismiss be granted. The appeal is dismissed for lack of jurisdiction. Rule 8, Rules of the Sixth Circuit.