**CERAMCO, INC., Plaintiff-Appellee,**

v.

**LEE PHARMACEUTICALS,
Defendant-Appellant.**

**No. 296, Docket 74–1757.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 22, 1974.

Decided Jan. 30, 1975.

Mary Helen Sears, Washington, D. C. (Martin J. Spellman, Jr., White Plains, N. Y., on the brief), for defendant-appellant.

William W. Owens, New York City (Rogers & Wells, New York City, on the brief, David F. Dobbins and James W. Paul, New York City, of counsel), for plaintiff-appellee.

Before SMITH, HAYS and MANSFIELD, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of New York, denying the motion of defendant-appellant Lee Pharmaceuticals to disqualify Rogers & Wells, attorneys for plaintiff-appellee Ceramco, Inc. on grounds of professional misconduct. Also before us are appellee's motion to strike certain pleadings and preclude reliance on such pleadings on the ground that they contain information unethically elicited by counsel for Ceramco. Appellee has moved to dismiss the appeal. We affirm the order of the district court.

Ceramco, a wholly owned subsidiary of Johnson and Johnson Company, brought this action against Lee, a California corporation, claiming that the sale by Lee of a dental adhesive under the trademark "Genie" infringed Ceramco's trademark rights. The claim of professional misconduct which is before us here stems from two telephone calls made by Thomas W. Towell, an associate of the firm of Rogers & Wells, attorneys for Ceramco, in order to ascertain whether jurisdiction over Lee and venue in the action could properly be established within the Eastern District of New York. Towell telephoned to defendant Lee's order department in California and without identify-

ing himself or alluding to his capacity as opposing counsel, requested the names of dental supply houses in the Eastern District which were distributing the "Genie" adhesive. On both occasions the requested information was freely provided. The facts thus elicited were used by Ceramco's counsel as a basis for jurisdiction and to support an order to show cause why a preliminary injunction restraining Lee from using the trademark "Genie" on any dental product should not issue. The same facts also provided the basis for opposing Lee's motion to dismiss the complaint pursuant to Rule 12(b), Fed.R. Civ.P., in which Lee contested the personal and subject matter jurisdiction of the district court. Lee's motion to dismiss was denied.

Lee claimed that Towell's direct communication with Lee's order department despite his knowledge that Lee had retained counsel violated Canon 7 of the Code of Professional Responsibility and associated Disciplinary Rule DR 7–104[1] and that the inclusion in supporting affidavits of the information acquired by Towell's telephone calls in effect made Towell a "witness for his client" and therefore subject to disqualification under Canon 5 and DR 5–102(A).[2] In addition, the conduct as a whole was alleged to have violated Canon 9, which generally proscribes "even the appearance of professional impropriety."

Lee's disqualification motion was denied. Lee moved to stay proceedings below, pending disposition of Lee's appeal from the denial of its motion to disqualify. The motion to stay was denied by this court, and proceedings are currently continuing in the district court. Appellee's motion to dismiss this appeal and appellant's renewed motion to stay further proceedings were referred to this panel for disposition in conjunction with disposition of the appeal on the merits.

■■ The disqualification order is properly before this court. The district court was incorrect in its view that the various bar associations constitute the only proper forum for investigation of a claim of professional misconduct. On

---

1. Canon 7 of the Code of Professional Responsibility provides that "[a] lawyer should represent a client zealously within the bounds of the law."

Disciplinary Rule DR 7–104(A)(1) provides as follows:

"DR 7–104 Communicating With One of Adverse Interest.

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so."

2. Canon 5 of the Code of Professional Responsibility provides that "[a] lawyer should exercise independent professional judgment on behalf of a client."

Disciplinary Rule DR 5–102(A) provides as follows:

"DR 5–102 Withdrawal as Counsel When the Lawyer Becomes a Witness.

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)."

DR 5–101(B) states:

"(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

the contrary, the courts have not only the supervisory power but also the duty and responsibility to disqualify counsel for unethical conduct prejudicial to his adversaries. See, e. g., General Motors Corp. v. City of New York, 501 F.2d 639 (2d Cir. 1974); Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800 (2d Cir. 1974) (en banc); Emle Industries, Inc. v. Patentex, Inc., 478 F.2d 562 (2d Cir. 1973). Further, as we made clear in Silver Chrysler Plymouth, Inc., supra, 496 F.2d at 805–806, an order denying disqualification of counsel is "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it" and is thus directly appealable under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

An examination of the circumstances of this case convinces us that while counsel's behavior is not to be commended, it is not the kind of conduct which should result in disqualification of counsel or nullification of prior proceedings. Although it would have been better if Towell had identified himself in his calls or had used an independent investigation agency, it would be too harsh to rule that the action of counsel in telephoning defendant's employees to obtain non-privileged, relevant, and accurate information as to jurisdiction and venue constituted actual wrongdoing. Ceramco's inquiries were limited in scope to those items of information necessary to ascertain whether suit could be instituted in the chosen forum and there is no suggestion that counsel sought any unfair advantage by his inquiries. This is the kind of misconduct, if it is misconduct, which is technical in character, does no violence to any of the fundamental values which the canons were written to protect and certainly falls far short of justifying a grant of the relief requested.

The typical situation in which disqualification has been found to be an appropriate remedy has involved a conflict of interest such that continued representation by chosen counsel clearly prejudiced the rights of the opposing party and, by creating the appearance of impropriety, posed a substantial threat to the integrity of the judicial process. Thus, in General Motors Corp. v. City of New York, supra, New York City's privately retained counsel was disqualified because of his prior substantial involvement as an employee of the Department of Justice in a matter which was almost identical to the dispute for which his retention was sought. Similarly, in Emle Industries, Inc. v. Patentex, Inc., supra, plaintiff's attorney was barred from representing plaintiff in a suit against a former client of the attorney when the matters embraced within the two litigations were substantially related. The considerations which made disqualification a necessary and desirable remedy in these cases, namely the need to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information, are not present here. Nor is there any other compelling reason to interfere with plaintiff's choice of counsel. There is no basis for questioning the continued capacity of Rogers & Wells to represent Ceramco, and certainly the institution of suit in a court which has been held to be a proper forum[3] does not constitute the kind of prejudice to an adversary from which this court can or should give relief. In sum, Ceramco's counsel's actions, while demonstrating an unfortunate insensitivity to the etiquette of the bar, had no possibility of so prejudicing the opponent that the firm should be barred from the case entirely or the client punished by precluding reliance on counsel's work product. Accordingly, if any corrective action is to be taken, it should be accomplished under the auspices of the appropriate bar association and should in no way be permitted to affect the decision on the merits of the case.

---

**3.** Lee's Rule 12(b) motion to dismiss on grounds, *inter alia*, of lack of jurisdiction was denied by an order of the district court. The correctness of that ruling is not before us on this appeal.

■ Appellant's alternative claim that disqualification is required on the ground that Towell became in effect a witness for his client must also be rejected. Towell's affidavit was not considered by the district court at the hearing to determine jurisdiction and in fact an offer was made to withdraw it voluntarily. The court below heard live testimony from appellant's own dealers on the issues of jurisdiction and venue.

Appellee's motion to dismiss the appeal and appellant's motion to stay further proceedings are denied. The order of the district court is affirmed.

MANSFIELD, Circuit Judge (concurring):

I concur. However, I would not want my concurrence to imply that Mr. Towell's telephone call amounted to misconduct, much less that it warrants any action by a bar association.