**In re Investigation of FMC CORPORATION Respecting Potential Violation of Federal Criminal Statutes.**

**In re GRAND JURY PROCEEDINGS.**

**Misc. No. 93.**

United States District Court,
S. D. of West Virginia,
Charleston Division.

April 19, 1977.

W. Warren Upton of Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., Thornton G. Berry, Jr., Charleston, W. Va., of counsel, for petitioner.

H. Marshall Jarrett and Wayne A. Rich, Jr., Asst. U.S. Attys., Charleston, W. Va., Jane Barrett McEvoy, Environment Protection Agency, Washington, D.C., for respondent.

## MEMORANDUM ORDER

JOHN T. COPENHAVER, Jr., District Judge.

FMC Corporation is reportedly under investigation for violation of certain federal criminal statutes. The investigation is being conducted jointly by the United States Attorney for this district and counsel for the Environmental Protection Agency, together with investigators acting under their direction. FMC has filed its motion with the court complaining that its agents and managing employees are being interviewed by or at the instance of the government attorneys without first obtaining the consent of counsel for FMC thereto in contravention of Canon 7 of the Code of Professional Responsibility and Disciplinary Rule 7–104.

The Canon and Disciplinary Rule read as follows:

Canon 7—A lawyer should represent a client zealously within the bounds of the law.

Disciplinary Rule 7–104 Communicating With One of Adverse Interest. (A) During the course of his representation of a client a lawyer shall not: (1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

FMC concedes that its hourly employees are not covered by Disciplinary Rule 7–104, but insists that none of its salaried employees may be interviewed by the government's attorneys until first clearing it with counsel for FMC.

The government concedes that the canons are binding upon the United States Attorney and, presumably, the EPA attorneys and their investigators, but the government seems to contend that the application to it of Disciplinary Rule 7–104 is sharply limited when a corporation rather than an individual is the opposing "party," at least in a criminal as distinguished from a civil setting. The government declines, however, to suggest the degree to which it is bound, if at all, by the canons and the disciplinary rules in this instance.

■ Independently of the canons governing the conduct of members of the bar, the court possesses the power to supervise the professional conduct of lawyers practicing before it. *NCK Organization, LTD. v. Bregman*, 542 F.2d 128, 129 n. 2 (2nd Cir. 1976); *Woods v. Covington County Bank*, 537 F.2d 804 (5th Cir. 1976); and, *Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 270–71 (2nd Cir. 1975). This supervisory power is applicable to the public prosecutor as well as private counsel. *United States v. Thomas*, 474 F.2d 110, 111 (10th Cir. 1973), *cert. denied*, 412 U.S. 932, 93 S.Ct. 2758, 37 L.Ed.2d 160 (1973); and, *MacDonald v. Musick*, 425 F.2d 373, 375–76 (9th Cir. 1970), *cert. denied*, 400 U.S. 852, 91 S.Ct. 54, 27 L.Ed.2d 90 (1970). *See also, United States v. Lemonakis*, 158 U.S.App.D.C. 162, 485 F.2d 941, 955–56 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974); *United States v. Springer*, 460 F.2d 1344, 1354 (7th Cir. 1972), *cert. denied*, 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125 (1972); *Coughlan v. United States*, 391 F.2d 371, 376–77 (9th Cir. 1968) (Hamley, C. J., dissenting). In exercising its supervisory power, the canons enjoy great weight in the court's assessment of whether appropriate standards are being observed by lawyers in the course of their practice within the jurisdiction of the court. The canons are themselves the product of experience gained over the decades, even the centuries, and are designed to establish and assure standards of simple fairness and moral and ethical responsibility on the part of counsel in furtherance of the ends of justice.

■ Yet, the court must look beyond the canons in order to preserve a reasonable balance between the exaction of ethical conduct from its lawyer members on the one hand and the search for truth in the administration of justice on the other. *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976). Especially is this the case where the canons and the disciplinary rules promulgated by the bar thereunder are either vague or altogether lacking. Disciplinary Rule 7–104 stipulates that counsel is not to communicate with another party whom he knows to be represented by an attorney without first obtaining that attorney's permission. When applied to an individual, the identity of the "party" is ordinarily plain enough. Clearly, the term does not include the agents and employees of an individual party.

■ When applied, however, to a corporation, no objective standard usable for all cases is readily available. Although a corporation necessarily acts through its agents and employees, those same agents and employees retain their separate identities. In wrestling with the tests to be employed where a corporation is involved, the authorities have adopted varying standards. The Committee of the Association of the Bar of the City of New York, in Opinion 830, holds that all agents and employees of a corporation are covered. On the other hand, the foremost writer on the subject concludes that the canons probably affect only interviews of managing employees of a corporation having authority to bind it. H. S. Drinker, *Legal Ethics* 201 (1953). In related contexts, the courts have suggested still other standards. *Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 271 (2nd Cir. 1975); *Burlington Industries v. Exxon Corp.*, 65 F.R.D. 26, 35 (D.Md. 1974); and, *Newark Insurance Co. v. Sartain*, 20 F.R.D. 583 (N.D.Cal.1957) (interpreting former Fed.R.Civ.P. 43(b)). In any event, the standards at issue in this case are not of constitutional dimensions. *United States v. Springer*, 460 F.2d 1344 (7th Cir. 1972).

It is evident that it is not possible for the government to determine who among the vast number of salaried employees of FMC are to be embraced within the term "party" as used in Disciplinary Rule 7–104. FMC is unwilling to suggest canon coverage for anything less than all of its salaried employees at both the East and the West plants in South Charleston, West Virginia, as well as all former salaried employees at those plants who have, within the past five years, moved on to other positions with FMC. In addition, FMC would insist that all of its officers and directors and all of the salaried non-secretarial personnel at its Chemical Group Headquarters in Philadelphia are also covered.

While it appears that FMC's request is far too broad, it is clear that the government has indeed been sensitive to ethical considerations in the manner in which it has thus far chosen to conduct its investigation. The government has required its investigators to follow the procedures below set out in affording notice and warning to each prospective interviewee:

"a. The investigator shall identify himself as an employee of the United States Environmental Protection Agency.

b. The investigator shall state to the interviewer that EPA is investigating possible violations of federal statutes by the chemical industry in the Kanawha Valley.

c. The investigator shall state that pursuant to this investigation, he would like to interview that person.

d. The employee shall be advised that one of the people who will be interviewing him is an attorney.

e. The employee shall be advised that he may have his own attorney present during the interview.

f. The employee shall be advised that he may contact FMC to have corporate counsel present during the interview, if he wishes."

Moreover, sufficient time has elapsed during the course of this investigation as to enable FMC to furnish all of its employees, salaried and hourly alike, with notice of the pending investigation and to advise each employee of his or her right to consult with counsel and to have counsel present. FMC has, in fact, undertaken to do so. Further, the entire affair has achieved notoriety in the local press.

Consequently, it is unnecessary for the court to undertake further control of the activities of the United States Attorney and the EPA attorneys in the course of their investigation of FMC with respect to violation of federal criminal statutes, absent some compelling need therefor embodied in a further application by FMC for relief. Through self-imposition, the government has thus far taken adequate measures under the circumstances to fully protect FMC from the excesses of unethical conduct on the part of the government's lawyers and their investigators. Nevertheless, in the event of the proposed interview of any of the following personnel, the government shall first notify counsel for FMC thereof and obtain counsel's consent thereto: President of FMC, Chairman of the Board of FMC, Resident Plant Manager of the South Charleston plant, East plant division manager and West plant division manager at South Charleston.

It is accordingly, ORDERED that the aforesaid motion of FMC be, and the same hereby is, denied except that the United States Attorney and counsel for EPA and their respective investigators shall, in the event of the proposed interview of any of the following personnel, first notify counsel for FMC thereof and obtain counsel's consent thereto, until the further order of the court: President of FMC, Chairman of the Board of FMC, Resident Plant Manager of the South Charleston plant, East plant division manager and West plant division manager at South Charleston.

It is further ORDERED that the within decree shall in no manner affect proceedings before any United States grand jury.