MEAT PRICE INVESTIGATORS
ASSOCIATION et al., Plaintiffs,

v.

IOWA BEEF PROCESSORS, INC., a Dela-
ware Corporation, MBPXL Corporation,
a Delaware Corporation, Flavorland In-
dustries, Inc., a Delaware Corporation,
Spencer Foods, Inc., a Delaware Corpo-
ration, Defendants.

Civ. No. 76–252–2.

United States District Court,
S. D. Iowa,
Central Division.

June 24, 1977.

Lex Hawkins, Glenn L. Norris, Hawkins,
Hedberg & Ward, Des Moines, Iowa, John
A. Cochrane, John E. Thomas, Cochrane &
Bresnahan, St. Paul, Minn., for plaintiffs.

Stephen F. Avery, Cornwall & Avery,
Spencer, Iowa, Gordon G. Busdicker, James
B. Loken, Faegre & Benson, Minneapolis,
Minn., for defendant Spencer Foods, Inc.

**2**

Bernard B. Marks, Gerald Kraai, Shull, Marshall & Marks, Sioux City, Iowa, (Charles Naylor, Jr., Gen. Counsel, Flavorland Industries, Inc., Denver, Colo.), and Jeffrey J. Scott, Gareth Morris, Kutak, Rock, Cohen, Campbell, Garfinkle & Woodward, Omaha, Neb., for defendant Flavorland Industries, Inc.

Herschel G. Langdon, Richard G. Langdon, Herrick, Langdon, Belin, Harris, Langdon & Helmick, Des Moines, Iowa, Edward W. Rothe, Lee A. Freeman, Sr., Freeman, Rothe, Freeman & Salzman, James Malysiak, Chicago, Ill., and Wm. L. Heubaum, Gen. Counsel, Iowa Beef Processors, Inc., Dakota City, Neb., for defendant Iowa Beef Processors, Inc.

John A. McClintock, Hansen, Wheatcraft & McClintock, Des Moines, Iowa, and Leslie H. Williams, Gen. Counsel, MBPXL Corp., Wichita, Kan., Charles L. Bacon, John C. Dods, James T. Newsom, Steven C. Parrish, Shook, Hardy & Bacon, Kansas City, Mo., for defendant MBPXL Corp.

### ORDER

HANSON, Chief Judge.

The Court has before it the April 11, 1977 motion of defendant Spencer Foods, Inc., seeking severance pursuant to Rule 21 of the Federal Rules of Civil Procedure and a disqualification of plaintiffs' counsel, Lex Hawkins, John Cochrane and their respective law firms, from prosecuting the severed action or any related or similar action against Spencer Foods. Said motion, which alleges a violation by plaintiffs' counsel of Disciplinary Rule 7–104(A)(1) of the Iowa Code of Professional Responsibility, was resisted and came on for a hearing before this Court on April 29 and May 10, 1977. Pursuant to those hearings and the post-hearing briefs and replies of the respective parties, the Court herein finds that the motion must be overruled.

Defendant Spencer's motion for severance and disqualification is predicated upon its contention that plaintiffs' counsel's January 30, 1977 interview of Mr. Hughes Bagley, a vice president of Spencer, was in violation of Disciplinary Rule 7–104(A)(1).

*DR 7–104. Communicating with One of Adverse Interest.*

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Knowing Bagley to be a party represented by Mr. Gordon G. Busdicker and Stephen Avery, counsel for defendant Spencer, Hawkins and Cochrane are said to have prejudiced Spencer's ability to defend itself in this action by extensively questioning Bagley, without counsel or authorization, in preparation for the deposition of one Alan Booge, an official for Iowa Beef Processors, Inc. Defendant Spencer, while claiming that the questioning did touch upon its operations, argues that such unauthorized interviewing of any defendant as to the operations of other defendants is unethical and prejudicial. To permit such activity, defendant maintains, would "wreak havoc upon the judicial system."

In submitting its severance and disqualification argument, defendant Spencer, unable to offer caselaw squarely in support of its position, implores the Court to invoke certain Informal Decisions of the ABA Standing Committee on Ethics and Professional Responsibility and bring the conduct of Messrs. Hawkins and Cochrane under the dictates of DR 7–104. To ultimately do so, the Court would have to make several determinations with respect to corporate interrelationships and the workings of DR 7–104. It would have to determine that the Disciplinary Rule was meant to cover corporate parties and find that Bagley, because of his apparent membership in the control group of Spencer, was in fact a "party" within the meaning of the Rule. The Court would further have to determine whether the interests of the corporate entity and Bagley were coterminous to the extent that it was encumbent upon plaintiffs' counsel to

notify Spencer's attorney of discussions with an officer. If those discussions were found not to have touched upon Spencer, then the Court would confront the problem of whether the language of DR 7–104 forbidding communication on the "subject of representation" means that no communication may be had on any aspect of a multi-defendant lawsuit without notification of all defendants' counsel.

This Court does not shy from decision making simply because it may be of a difficult or precedential nature. However, it also does not make determinations or seek to establish precedents which go beyond the facts of the case before it. This is particularly true with a case involving charges of unethical conduct, for the case-law is clear that a "broad brush approach" to matters of disqualification is to be avoided. *Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir. 1975); *W. T. Grant Co. v. Haines,* 531 F.2d 671, 675 (2d Cir. 1976).

In ruling upon defendant's motion, the Court finds several facts to be of critical importance. First, considering defendant Spencer's claim that the issue before the Court is whether a corporate officer should be "free of contacts by opposing counsel," it is important to note that the interview as between plaintiffs' counsel and Bagley was primarily brought about by Bagley's own initiative. Bagley, a disgruntled former employee of defendant Iowa Beef Processors, made contact with Mr. Krieger, a New York attorney, so as to permit Krieger to look at certain Iowa Beef documents in Bagley's possession. Krieger in turn put Bagley in touch with Hawkins and Cochrane. Furthermore, the Court notes that Hawkins and Cochrane were dealing with a sophisticated businessman who was openly willing to share his knowledge of the beef industry with attorneys he knew to be plaintiffs' counsel. DR 7–104, as this Court reads it, was meant to protect parties as opposed to lawsuits, and conceding for the moment that Bagley is a "party," it is difficult to view him as a layman being designedly duped by plaintiffs' counsel. Indeed, there is evidence to suggest that Hawkins and Cochrane in good faith thought Mr. Krieger was Bagley's personal attorney. Defendant Spencer claims the evidence to be otherwise, but in so claiming must pit Bagley's statements against those of plaintiffs' counsel. Mr. Krieger's testimony was never elicited. However, considering the material and rather suspicious inconsistencies in his affidavits and testimony, the Court has serious reservations as to Bagley's credibility. The Court, while not wishing to encourage such practices, would be slow to condemn plaintiffs' counsel's conduct on the strength of Bagley's testimony.

Even assuming that the conduct in question did constitute a breach of professional responsibility, severance and disqualification clearly do not follow as a matter of course. The culpability of plaintiffs' counsel's alleged misconduct is an issue for the bar association's grievance committee; the issue to be determined in this forum is only whether the alleged misconduct taints the lawsuit to the extent that defendant's motion need be granted. *W. T. Grant, supra; Ceramco, Inc. v. Lee Pharmaceuticals,* 510 F.2d 268 (2d Cir. 1975).

It is certainly not apparent to this Court that Bagley has prejudiced defendant Spencer's ability to defend itself in this lawsuit. No one contends that the documents which Bagley handed over for plaintiffs' examination pertained to any defendant but Iowa Beef. Bagley himself testified that no information was given by him during the conversations which would implicate Spencer. Indeed, he has been steadfast in his claim that Spencer was guilty of no wrongdoing. Even if Bagley did unknowingly give some possibly damaging information, and it remains uncertain since Spencer kept him from testifying in open court as to details of the interview, the information was not given in the context of a deposition. Such information is not perpetuated sworn testimony and is subject to change, modification, or expansion upon further reflection. *See, International Business Machines Corp. v. Edelstein,* 526 F.2d 37, 41 (2d Cir. 1975). Spencer asserts that plaintiffs' counsel utilized information

**4**

gained from Bagley to its advantage at the deposition of Alan Booge. However, without more detailed testimony from Bagley, it is impossible for this Court to determine the source of plaintiffs' information and whether information gained from Bagley did in fact prejudice any of the defendants to this lawsuit. A hostility that would prejudice further cooperation may have arisen between defendants Spencer and Iowa Beef, but that hostility is owing in large part to Spencer's refusal to have Bagley reveal details of his conversations with plaintiffs' counsel. The showing of prejudice to defendant Spencer is simply insufficient to permit this Court to grant a motion of severance and disqualify plaintiffs' counsel. Indeed, to do so from the basis of this record, would be highly prejudicial to the plaintiffs, who would be burdened with expensive delays until such time as other attorneys could familiarize themselves with the facts and law of the case.

In summary, the Court finds that the record is insufficient either to permit it to condemn plaintiffs' counsel's conduct or to determine that defendant Spencer has been prejudiced in its ability to defend itself in this action. The Court would not conclude that defendant's expressed concern for the orderly processes of the judicial system was without merit, but it would note that a system which permitted an extrapolation beyond the facts in this case would not attain justice.

Accordingly,

IT IS HEREBY ORDERED that the motion by defendant Spencer Foods, Inc., to sever and disqualify plaintiffs' counsel, Lex Hawkins, John A. Cochrane, and their respective law firms and associated attorneys, from prosecuting the severed action or any related or similar action against Spencer Foods, Inc., is overruled.