PINNIE SOLOMON, Plaintiff, *v.* ROBERT S. HIRSCH et al, Defendants.

Supreme Court, Special Term, New York County, June 8, 1962.

*Louis Kipnis* and *Samuel H. Levinkind* for plaintiff. *Field, Florea & Field (Irving Brown* of counsel), for defendants.

JACOB MARKOWITZ, J. Motion by corporate defendant, in this stockholder's derivative action, for security in the amount of $50,000, pursuant to section 61-b of the General Corporation Law, and for a stay of proceedings pending deposit of such security. Plaintiff cross-moves to strike the motion and the appearance of corporate defendant's counsel on the ground of conflicting interests in representing the corporation and various of the other defendants. Plaintiff also cross-moves for other alternative relief.

Initially, it is noted that plaintiff waited almost one year, and only after the instant motion was made by the corporate defendant, to seek the substitution of independent counsel for the corporation. In the interim, various pretrial procedures have been undertaken and participated in by the corporation's present counsel, who has been its general counsel for some years, without a word of protest from plaintiff. Only when said counsel properly moved to protect the interests of the corporation, in a manner adverse to the interests of plaintiff, is plaintiff heard to complain. In the present posture of the litigation, there does not appear to be such a conflict of interest

between the corporation and other defendants as would necessitate the corporation's engagement of other counsel. Accordingly, the cross motion to strike the instant motion and the appearance of counsel is denied.

That branch of the cross motion which seeks as alternative relief leave to discontinue the action against certain named defendants is denied without prejudice to a renewal thereof, as plaintiff may be advised, if the security hereafter to be ordered cannot be posted, or if sufficient other stockholders cannot be joined in the action so as to obviate the necessity of security.

That branch of the cross motion to direct the corporation to permit examination and copying of its stock book and list of stockholders by plaintiff is granted. The inspection is to proceed within 15 days after service of a copy of the order to be entered herein. Since plaintiff does not seek a broad examination of all corporate books and records, but only of the records specified and for a restrictive purpose, the relief requested is warranted. Failure of plaintiff to comply with a corporate by-law in seeking this relief is of no moment in light of the broad powers encompassed in section 113 of the Stock Corporation Law. Moreover, in the interests of expediency, it is deemed an inconsequential irregularity that the application is made by the affidavit of the attorney instead of on petition of the party (see *Ratzkin* v. *Harris,* 219 N. Y. S. 2d 665; *Henderson* v. *Sarle,* 23 Misc 2d 334), especially where it is made as a cross motion to, and for the specific purpose of aiding in ultimately defeating, the motion for security.

Accordingly, and for the reasons stated, the main motion is in all respects granted. However, since plaintiff has been heretofore denied access to the stockholder's list, and thus prevented from soliciting sufficient minority stockholders to obviate the necessity of a bond, the bond herein ordered need not be filed before 90 days after plaintiff has inspected the list. If within such time plaintiff is able to join additional stockholders sufficient to dispense with the bond, a motion may be made to vacate this order. Settle order.