Harry LEWIS, in the name and on behalf of R. C. Williams & Company, Inc., Plaintiff,

v.

SHAFFER STORES COMPANY, Arthur R. Lorch, Catherine R. Laughlin, James E. Hilborn, Shafstor, Inc. and R. C. Williams & Company, Inc., Defendants.

United States District Court
S. D. New York.
April 26, 1963.

Louis Kipnis, New York City, for plaintiff.

Breed, Abbott & Morgan, New York City, Thomas W. Kelly, New York City, of counsel, for defendant R. C. Williams & Co., Inc.

McLEAN, District Judge.

This is a derivative action by a stockholder of R. C. Williams & Company, Inc. ("Williams"), a New York corporation, in the right of that corporation against officers, directors and a majority stockholder of the corporation. Williams is made a nominal defendant. The complaint seeks recovery, pursuant to Section 16(b) of the Securities Exchange Act of 1934, of shortswing profits allegedly made by defendants in the purchase and sale of Williams securities. It also alleges that defendants acquired control of Williams in 1957 and that by reason of their domination and control, they caused Williams to enter into various transactions which resulted in loss to Williams and which violated various sections of the Securities Act of 1933, the Securities Exchange Act of 1934, and the New York Stock Corporation Law, McKinney's Consol.Laws, c. 59. The complaint asks that defendants account to Williams for all profits alllegedly made by defendants and that defendants pay all such profits and damages to Williams.

The law firm of Breed, Abbott & Morgan, which has been general counsel for Williams for many years, has appeared for Williams and also for the defendant officers, directors and majority stockholder. It has filed a joint answer on behalf of Williams and on behalf of the defendant officers, directors and majority stockholder which denies the allegations of wrongdoing and asks that the complaint be dismissed. Plaintiff now moves for an order striking the answer of Williams, striking the appearance of Breed, Abbott & Morgan as counsel for Williams, and "requiring the Corporation to appear by genuinely independent counsel whose answer shall be no more than an invitation to the plaintiff to prove his case to the end that the Corporation receive any benefits to which it is entitled."

The motion is timely, since the answer has only recently been filed. In this respect, the case is distinguishable from Solomon v. Hirsch, 35 Misc.2d 716, 230 N.Y.S.2d 625 (1962), in which a similar motion was denied on the ground that plaintiff had delayed for almost a year in making it.

The affidavit submitted by Breed, Abbott & Morgan states in substance that the firm feels an obligation to defend the officers and directors whom it has advised. This is understandable, and I see no impropriety in their doing so under the circumstances of this case. Marco v. Dulles, 169 F.Supp. 622 (S.D.N.Y.1959), appeal dismissed 268 F.2d 192 (2d Cir. 1959).

Plaintiff indeed does not contend otherwise.

The question, however, is whether Breed, Abbott & Morgan should also appear for the corporation. The answer admits that the defendant stockholder owns a majority of Williams stock and that there are approximately 1,137 common stockholders of the corporation.

The interests of the officer, director and majority stockholder defendants in this action are clearly adverse, on the

face of the complaint, to the interests of the stockholders of Williams other than defendants. I have no doubt that Breed, Abbott & Morgan believe in good faith that there is no merit to this action. Plaintiff, of course, vigorously contends to the contrary. The court cannot and should not attempt to pass upon the merits at this stage. Under all the circumstances, including the nature of the charges, and the vigor with which they are apparently being pressed and defended, I believe that it would be wise for the corporation to retain independent counsel, who have had no previous connection with the corporation, to advise it as to the position which it should take in this controversy. See Garlen v. Green Mansions, Inc., 9 A.D.2d 760, 193 N.Y.S. 2d 116 (1st Dept. 1959); Marco v. Dulles, supra.

The fact that the selection of such independent counsel will necessarily be made by officers and directors who are defendants does not seem to me to present any insuperable difficulty. Plaintiff's motion is therefore granted to the extent of striking out the answer of Williams and the appearance of Breed, Abbott & Morgan as attorneys for Williams.

■ Plaintiff is not privileged to dictate the nature of the answer to be filed on behalf of the corporation. That is to be determined by the independent counsel to be selected. If, after investigation of the facts, they conclude that the action is without merit, that the corporation is not entitled to the relief sought by plaintiff, and that the action in any way threatens the best interests of the corporation, the answer to be filed by the corporation may be framed accordingly. Godley v. Crandall & Godley Co., 181 App.Div. 75, 168 N.Y.S. 251 (1st Dept. 1917), affirmed 227 N.Y. 656, 126 N.E. 908 (1920).

The order to be entered on this motion should contain appropriate provisions with respect to the time within which new counsel for the corporation are to be retained and the time when the corporation's new answer is to be filed.

■ Defendants have requested that plaintiff's reply affidavit be stricken from the files of this court as scandalous. It is true that it contains intemperate language concerning matters which are largely irrelevant to this motion. The same can be said, however, about the affidavit of defendant's president. Since defendants were the first to hurl epithets, they are hardly in a position to complain when plaintiff responds in kind. Defendants' request is denied.

Settle order on notice.