■ KENNETH H. LEEDS, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39478.) — *Per Curiam.* Appeal by the State from a judgment awarding damages for the appropriation for highway purposes of 1.746 acres plus a pemanent easement. The award was of $1,425 and interest from October 9, 1952. The State questions (1) the amount of the award and (2) the period for which interest was computed. Despite allusions to probable zoning changes, without support in any relevant evidence, voiced by claimant's expert and by the court, it is evident that ultimately the court quite properly awarded damages on the basis of residential use, but at an amount slightly in excess of claimant's highest estimate, which estimate the State now accepts; and the award must be reduced accordingly. In respect of the State's contention as to interest, the insufficient record before us does not permit intelligent review. In adducing no proof and relying solely upon a supposed stipulation referred to in the findings but not otherwise appearing in the record, the State did not sustain the burden of proving offsetting factors; and, in any event, the stipulation, as described in the findings, is unclear as regards intent and scope and certainly incomplete and insufficient to establish a sound basis for the State's contention. Judgment modified, on the law and the facts, by reduction of the award to $1,220, with interest from October 9, 1952 to August 31, 1964, and, as so modified, affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ WAYNE E. CHAMBERS, SR., Individually and as Guardian ad Litem of WAYNE E. CHAMBERS, JR., an Infant, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 39109.) — HERLIHY, J. This is an appeal from an order of the Court of Claims which granted an examination before trial of the State, but which claimants-appellants claim was too restrictive. Since this appeal was taken there has been an examination before trial at which the State produced all of the written records and information in its possession as demanded by the appellants. This court had previously dismissed this appeal upon stipulation of the parties, but then vacated the dismissal when it appeared that the State could not produce a witness specified in the aforesaid stipulation because the witnesses was no longer employed by the State. The State now says in its brief on appeal that it has no employee with knowledge similar to that of the specified employee. In view of the fact that it now appears without contradiction, that the information sought by the appellants has been disclosed by the respondent to the best of its ability, the appeal is dismissed as moot, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.