■ MARTIN LANGER, on Behalf of Himself as a Shareholder of Yorkville Associates, Inc. and in the Right of Yorkville Associates, Inc. and on Behalf of All Other Shareholders of Said Corporation Similarly Situated, Respondent-Appellant, v. MARTIN GARAY et al., Appellants-Respondents.— Appeal by defendants from order entered May 20, 1968, insofar as such order denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 7), dismissed, without costs or disbursements. The service of an amended complaint pursuant to the direction of the court renders such appeal academic (*Miglietta* v. *Kennecott Copper Corp.*, 22 A D 2d 874). Order, entered May 20, 1968, unanimously modified, on the law and on the facts, to delete the fifth decretal paragraph thereof denying plaintiff's cross motion to strike the appearance of defendants' counsel as attorney for corporate defendant, and the plaintiff's said cross motion is granted and the appearance of counsel in behalf of the corporate defendant is stricken, with leave, in the exercise of discretion, to the said corporation to appear, answer and otherwise defend by independent counsel, if it is so advised, within 20 days from the entry of the order; the sixth decretal paragraph of said order is unanimously modified, on the law and on the facts, to fix the undertaking to be executed, acknowledged and filed by the receiver, in the sum of $75,000; and order otherwise affirmed, with $30 costs and disbursements to plaintiff. The appearance by the corporate defendant should be by independent counsel whose interests will not conflict with those of the individual defendants. (See *Garlen* v. *Green Mansions*, 9 A D 2d 760.) Under the circumstances, it was a proper exercise of discretion

to appoint a Receiver in this stockholder's derivative action brought in the interests of the defendant corporation, a real estate holding corporation (see *E. H. A. Successor Corp.* v. *Vogel*, 21 A D 2d 176), but in view of the assets and rents receivable by the corporation, a $75,000 receiver's bond should be adequate security. Concur—Eager, J. P., Steuer, Tilzer, Rabin and Macken, JJ.