THE KALIA, INC., ET AL. *v.* THE KALIA
DEVELOPMENT COMPANY, INC., ET AL.

No. 4815.

OCTOBER 31, 1969.

RICHARDSON, C.J., ABE, KOBAYASHI, JJ., CIRCUIT JUDGE
LAURETA IN PLACE OF MARUMOTO, J., DISQUALIFIED,
AND CIRCUIT JUDGE KABUTAN IN PLACE OF
LEVINSON, J., DISQUALIFIED.

*Per Curiam.* In 1961 the Kalia Apartment Owners' Association and certain individuals filed an action in the First Circuit Court against The Kalia, Inc., Kepoikai Aluli, Yoshiho Ogami, Edward Jenkins, and James Woolsey, the original developers, alleging certain improprieties on the part of The Kalia, Inc., with respect to assessment of arbitrary maintenance charges, failure to maintain proper books of account, violations of the Hawaii Antitrust Laws, etc. Mr. Frank D. Padgett represented The Kalia, Inc., in those proceedings, as he had been counsel for The Kalia, Inc., ever since he helped Aluli and others set it up. That suit was eventually compromised.

Subsequently, the tenant stockholders who were plaintiffs in the 1961 suit gained control of The Kalia, Inc. They are now suing the original developers. These plain-

tiffs now move to disqualify counsel for the developers because he represented The Kalia, Inc. in the 1961 case, and he now represents the developers who are being sued by The Kalia, Inc.

Plaintiffs allege fraud and breach of fiduciary duties in transactions on which Mr. Padgett advised the developers and The Kalia, Inc. some years ago. Under these circumstances Canon 37[1] frees Mr. Padgett from his duty not to reveal the confidence of his former client. Therefore Mr. Padgett may help the developers defend these transactions. *Marco* v. *Dulles,* 169 F.Supp. 622 (S.D.N.Y.), *appeal dismissed,* 268 F.2d 192 (2d Cir. 1959); *Lewis* v. *Shaffer Stores Co.,* 218 F.Supp. 238, 239 (S.D.N.Y. 1963).

Defendants-Appellants' Motion to Dismiss Plaintiffs-Appellees' Motion to Disqualify Counsel is granted.

---

1 Canon 37 provides:

It is the duty of a lawyer to preserve his client's confidences. This duty outlasts the lawyer's employment, and extends as well to his employees; and neither of them should accept employment which involves or may involve the disclosure or use of these confidences, either for the private advantage of the lawyer or his employees or to the disadvantage of the client, without his knowledge and consent, and even though there are other available sources of such information. A lawyer should not continue employment when he discovers that his obligation prevents the performance of his full duty to his former or to his new client.

*If a lawyer is accused by his client, he is not precluded from disclosing the truth in respect to the accusation.* The announced intention of a client to commit a crime is not included within the confidences which he is bound to respect. He may properly make such disclosures as may be necessary to prevent the act or protect those against whom it is threatened. [Emphasis added.]