■ JOAN M. LOOMIS, Respondent-Appellant, v WALTER C. LOOMIS, Appellant-Respondent.—In consolidated proceedings, one, in a matrimonial action, to modify the provisions of a judgment of divorce with respect to child custody, and the other a habeas corpus proceeding, the parties cross-appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County, entered July 25, 1975, as, upon reargument, adhered to the original determination which, *inter alia,* granted custody of the infant children of the parties to the respondent-appellant mother. Order affirmed insofar as appealed from, without costs. The record amply supports the finding by Special Term that the mother is a fit custodian and is entitled to custody of the children returned to her. We have examined her contentions with respect to her application for counsel fees and find them to be without merit. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.

■ MARBARRY ASSOCIATES, INC., Respondent, v NORMAN J. STEINBERG, Appellant. (And a Third-Party Action.)—Appeal by defendant from so much of an order of the Supreme Court, Westchester County, entered June 23, 1975, as denied his cross motion for an order of preclusion. Appeal dismissed as moot, with $50 costs and disbursements to appellant. Since the demanded bill of particulars has been served, the appeal has been rendered moot (cf. *Langer v Garay,* 30 AD2d 942; *Chambers v State of New York,* 25 AD2d 792; *Miglietta v Kennecott Copper Corp.,* 22 AD2d 874). Appellant's contention that the bill of particulars is unresponsive to the demand cannot be resolved on this appeal; such contention can be pursued, if at all, by proper motion at Special Term (see 10 Carmody-Wait 2d, NY Practice, § 70.313). Appellate courts have frowned upon the indifferent attitude with which many practitioners have regarded the bill of particulars (see *Hersh v Home Ins. Co.,* 284 App Div 428). To discourage the practice employed here, costs and disbursements have been awarded to appellant, notwithstanding the dismissal of his appeal as moot. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

■ MIDDA REALTY CORP., Appellant, v CI-TEX, INC., Respondent.—In an action to recover rent, attorneys' fees and other charges, under a written lease, plaintiff appeals from an order of the County Court, Westchester County, entered July 14, 1975, which denied its motion for summary judgment in lieu of a complaint, pursuant to CPLR 3213. Order affirmed, without costs. A lease is not an instrument for the payment of money only within the contemplation of CPLR 3213. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.