OPINION OF THE COURT
Felice K. Shea, J.
The principal issue presented by this motion to disqualify counsel is whether, in a suit brought by a limited partner against a general partner and the partnership, the two defendants may be represented by the same attorney.
Plaintiff moves for an order pursuant to CPLR 321 (subd [b]) striking the appearance of defendants’ attorneys, Parker Chapin Flattau and Klimpl, and for a protective order pursuant to CPLR 3103 (subd [a]) staying disclosure pending determination of this motion. Defendants cross-move for an order pursuant to CPLR article 31 compelling discovery and for attorneys’ fees, costs and disbursements.
Plaintiff commenced this action on January 29, 1981 by serving a summons and complaint. A single notice of appearance and answer was served on behalf of the two defendants. Plaintiff Bernard L. Schwartz (Schwartz), a limited partner of defendant City Partners, Ltd.-SGV (City Partners), alleges that defendant Gerald Guterman (Guterman), the sole general partner of City Partners, has abused his position as general partner, has breached the *1005 partnership agreement and has violated his fiduciary obligations to the partnership and the limited partners. Schwartz charges Guterman with refusing to provide him with information concerning the sale of partnership property, refusing to provide him with an accounting and denying him access to partnership books and records. Plaintiff seeks to enjoin defendants from interfering with his right to examine the partnership books, demands an accounting from Guterman, and asks for attorneys’ fees, costs and disbursements. Defendants deny the allegations of wrongdoing, allege malice and bad faith on plaintiff’s part and counterclaim for attorneys’ fees, costs and disbursements.
In this motion, Schwartz contends that his suit has merit and that the two defendants have conflicting interests, actual and potential, which make dual representation improper. Defendants dispute the merits of the action and deny that there is a conflict of interest. They argue that plaintiff has brought this tardy motion only to delay discovery.
The question of whether dual representation should be prohibited in a lawsuit against a partnership and its managing partner does not appear to have been addressed by New York courts. However, the problem has received attention in the similar context of corporate derivative actions.*
The dilemma of dual representation in stockholder’s derivative suits (and by analogy in this action) arises from the unclear role in the action of the business entity. Traditionally, the corporation is named a party defendant. (See Ross v Bernhard, 396 US 531, 538.) Yet conceptually, in a derivative action, the corporation is a party plaintiff in the sense that it will benefit from successful prosecution of the suit. If the derivative action has merit, there will generally be a conflict of interest between the corporation and the *1006 insider defendants and one lawyer should not represent both parties. (ABA Canons of Ethics, Canon 6; Code of Professional Responsibility, EC 5-14, EC 5-15, DR 5-105.) But if the suit is baseless, the true interests of the business entity will be adverse to plaintiff’s and aligned with the insider defendants’ interests.
The merits of a legal action are difficult to evaluate before proof is taken. Courts faced with the problem of dual representation have weighed the competing considerations, assessed the merits on the record available, and, as a rule, have directed independent representation if sought at the start of a derivative action. After trial, dual representation is usually found to have been harmless.
The considerations supporting and opposing independent representation in a stockholder’s derivative suit apply as well to the suit at bar. In a meritless strike suit, separate counsel for the corporation or partnership may delay the matter and cause a needless expense, ultimately borne by the shareholders or partners. Independent counsel may be unnecessary if the corporate or partnership defendant is to be a nominal, passive party without effect on the outcome of the suit.. Moreover, since the managing partner or insider defendants will hire the attorney for the business entity, independent representation may be illusory.
On the other hand, if the action has merit, the expense of independent counsel may be justified. Since the individual defendants manage the business entity, fair inquiry into the merits of the action may be foreclosed without separate representation from the outset. If the corporation or partnership assumes an active role in the litigation, or if settlement negotiations are undertaken, separate counsel is advisable. (See Note, Independent Representation for Corporate Defendants in Derivative Suits, 74 Yale LJ 524, for further discussion of ethical and practical considerations.)
Only a few New York cases have dealt with the question of dual representation in derivative actions and they have not treated the issue in depth. If the request is timely made and there is a potential conflict, independent representation has been required.
*1007 In Langer v Garay (30 AD2d 942) the Appellate Division, First Department, Per Curiam, held without discussion: “The appearance by the corporate defendant should be by independent counsel whose interests will not conflict with those of the individual defendants.” The Langer court relied on Garlen v Green Mansions (9 AD2d 760, mot for lv to rearg app den, 10 AD2d 557), an even shorter opinion in which the First Department, in a memorandum decision, stated: “While a corporation is usually a passive litigant in a stockholder’s derivative action, it may well be that the equitable relief sought in the complaint requires an appearance and answer by the corporate defendant. However, such appearance must be by an independent counsel whose interests will not conflict with those of the individual defendant.” (Cf. Solomon v Hirsch, 35 Misc 2d 716 [request for independent counsel not timely made]; Kelley v 74 & 76 West Tremont Ave. Corp., 24 Misc 2d 370 [issue of dual representation not raised during pendency of litigation; corporate defendant was passive litigant].)
While there are older cases that permit dual representation (see, e.g., Hausman v Buckley, 299 F2d 696, cert den 369 US 885; Selama-Dindings Plantations v Durham, 216 F Supp 104, affd sub nom. Selama-Dindings Plantations v Cincinnati Union Stock Yard Co., 337 F2d 949; Otis & Co. v Pennsylvania R. R. Co., 57 F Supp 680), the weight of authority in other jurisdictions is on the side of separate counsel. In Lewis v Shaffer Stores Co. (218 F Supp 238), the United States District Court for the Southern District found that in the typical stockholder’s derivative action before it, the interests of the insider defendants were clearly adverse on the face of the complaint, to the other stockholders. Without passing on the merits of the action, the court considered the nature of the charges and the vigor with which they were being pressed and defended and concluded that it would be wise for the corporation to retain independent counsel. (Accord Cannon v U. S. Acoustics Corp., 398 F Supp 209; Rowen v Le Mars Mut. Ins. Co. of Iowa, 230 NW2d 905 [Iowa], Committee on Professional Ethics of Assn of Bar of City of NY, opn 842; see, also, Ann., 31 ALR3d 715.)
*1008 Defendants’ argument that plaintiff’s motion should be denied as untimely made is without merit. Defendants’ joint answer is dated February 18, 1981 and the instant motion to disqualify defendants’ attorneys was made April 13, 1981. In the three-month interim, alleged new facts came to plaintiff’s attention which, if true, provide evidence of conflict of interest between defendants. No prejudice will result to defendants from the delay engendered by the need to retain new counsel.
At this early stage, the outcome of the litigation cannot be predicted. An examination of the pleadings and motion papers reveals sharply disputed facts and genuine issues. The suit does not appear to be brought for purposes of harassment. A potential for conflict of interest as well as the appearance of impropriety militates against dual representation. Accordingly, the defendants should have independent counsel.
Plaintiff contends that defendants should retain two new attorneys to avoid the problem of confidences disclosed to their present attorney. However, in this case, where the individual defendant is the managing partner and the sole partner active in the affairs of the partnership, the problem does not exist as a practical matter. Therefore, only the partnership need obtain new counsel, who shall be without previous connections with the partnership or any of the partners.
Plaintiff’s motion is granted. Defendants’ cross motion is denied. Settle order providing that the appearance on behalf of City Partners be stricken. Although plaintiff did not request that the answer of the partnership defendant be stricken with leave to replead, this relief is implied in the motion and provision for it shall also be made. The order to be settled herein shall contain, in addition, appropriate provisions with respect to the time within which new counsel to the partnership is to be retained, the time when the partnership’s answer is to be served, and the time when discovery is to be resumed.

 The similarities between limited partners under New York partnership law and corporate shareholders have been noted. In Matter of Haupt & Co. (343 F2d 726, 730, cert den sub nom. Klebanow v Chase Manhattan Bank, 382 US 890), the United States Court of Appeals for the Second Circuit decided that “A New York limited partnership partakes sufficiently of the nature of a corporation so that limited partners may be considered stockholders or members within [former] § 44, sub. a [of the Bankruptcy Act, formerly US Code, tit 11, § 72, subd (a)]”. (See, also, Partnership Law, § 115-a.)