■ BERNARD L. SCHWARTZ, Respondent, v GERALD GUTERMAN et al., Appellants. — Order, Supreme Court, New York County (F. Shea, J.), entered on August 20, 1981, unanimously affirmed for the reasons stated by F. Shea, J., at Special Term. Respondent shall recover of appellants $50 costs and disbursements of this appeal. Concur — Kupferman, J. P., Lupiano and Bloom, JJ.

Birns and Sullivan, JJ., concur in a memorandum by Sullivan, J., as follows: The motion to strike counsel's appearance in behalf of defendant City Partners should be granted, but I cannot agree with the analogy Special Term drew of this action, which seeks an examination of the partnership books and an accounting from the sole general partner, Guterman, to a derivative action. The natures of a derivative action and a proceeding to seek examination of a partnership's books are clearly different, and the principles of a derivative action are not applicable here. In a derivative action an inherent conflict arises between the partnership, in whose behalf the action is brought, and the defendant partner whose conduct is challenged. As for the request of plaintiff, a limited partner, to strike counsel's appearance so as to prevent dual representation of the partnership and the general partner, both named as defendants, defendants' affidavits fail to dispel the veneer of conflict of interest between Guterman and the partnership regarding certain real estate transactions. Based upon the allegations I believe the potential for serious conflict between the partnership and the sole general partner is very real, and agree that the extraordinary remedy of removing counsel should be invoked here. (See *Langer v Garay,* 30 AD2d 942.)

■ In the Matter of ARTHUR SOYBEL, Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent. — Order and judgment (one paper), Supreme Court, New York County (Sinclair, J.), entered June 3, 1981 granting respondent's cross motion to dismiss the petition, and denying petitioner's application for judgment pursuant to CPLR article 78, is unanimously reversed, on the law, without costs; respondent's cross motion to dismiss the petition is denied; judgment is directed declaring that the plan to convert the subject property to co-operative ownership is deemed filed and requiring respondent to issue a letter to that effect within five days after service upon respondent of a copy of such judgment and notice of entry thereof. The case is governed by our decision in *Matter of Gonkjur Assoc. v Abrams* (82 AD2d 683). On the facts of this case there was no waiver by petitioner of the 30-day requirement of subdivision 2 of section 352-e of the General Business Law. Concur — Sandler, J. P., Ross, Carro and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v CAROLYN SPECTOR. — Motion granted to the extent of amending the order of this court entered on December 10, 1981 (85 AD2d 535) by amending the aforesaid order by deleting, from the decretal paragraph thereof, the words "in the exercise of discretion and in the interest of justice". Concur — Murphy, P. J., Kupferman, Sullivan, Carro and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v LUIS CARDONA. — Motion insofar as it seeks resettlement of the order of this court entered on November 17, 1981 [84 AD2d 968] granted to the extent of amending said order by adding the word "attempted" preceding the word "murder" in the recital paragraph of said order, and insofar as it seeks a copy of counsel's brief and a copy of trial minutes denied as indicated in the order of this court. Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Lupiano, JJ.