■ PAMELA L. DUKAS, Respondent, v DAVIS AIRCRAFT PRODUCTS CO., INC., et al., Appellants, et al., Defendant.—In a shareholders' derivative action, the appeal is from an order of

the Supreme Court, Suffolk County (Luciano, J.), dated September 30, 1985, which granted the plaintiff's motion for an order directing that the defendant Davis Aircraft Products Co., Inc. (hereinafter Davis Aircraft) and the individual defendants be represented by separate counsel, and denied the appellants' cross motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Order modified, as a matter of discretion, by deleting the provision thereof which granted the plaintiff's motion, and substituting therefor a provision denying said motion. As so modified, order affirmed, without costs or disbursements.

A review of the record reveals that the plaintiff commenced this action on November 20, 1984. There followed protracted discovery proceedings, including demands for bills of particulars, interrogatories, the production of various documents, and appearances for depositions by appellants and respondent. On two separate occasions the appellants' counsel appeared before the Supreme Court for pretrial discovery conferences demanded by the plaintiff. Throughout these proceedings, Davis Aircraft and the individual defendants were represented by the same counsel. The record also reveals that the parties are involved in at least four related actions, two of which have been pending for several years. The plaintiff did not seek to have separate counsel designated until May and June of 1985 at which time she brought on the motion which is the subject of this appeal. Under the circumstances of this case, we substitute our discretion for that of Special Term by reversing the determination granting disqualification in view of the plaintiff's inordinate delay in seeking the instant relief, coupled with the fact that the parties have been actively involved in extensive pretrial proceedings and related actions without any formal request by the plaintiff that Davis Aircraft and the individual defendants be represented by separate counsel *(see, Thomas Supply & Equip. Co. v White Fathers,* 53 AD2d 607; *Solomon v Hirsch,* 35 Misc 2d 716). Therefore, the appellants' counsel may continue to represent Davis Aircraft and the individual defendants in this case.

We agree, however, with the trial court's decision to deny the appellants' motion for summary judgment and adopt its reasoning with respect thereto. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur. *[See,* 129 Misc 2d 846.]