11-2236-cv
Stein v. Immelt

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve,

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                         *Circuit Judges.*[1]

_____

ALBERT STEIN, DERIVATIVELY O/B/O NOMINAL
DEFENDANT GENERAL ELECTRIC,

                         *Plaintiff-Appellant*,

             v.                                    11-2236-cv

JEFFREY R. IMMELT, KEITH S. SHERIN, JAMES I. CASH, JR.,
WILLIAM M. CASTELL, ANN M. FUDGE, CLAUDIO X. GONZALEZ,
SUSAN HOCKFIELD, ANDREA JUNG, ALAN G. LAFLEY, ROBERT
W. LANE, RALPH S. LARSEN, ROCHELLE B. LAZARUS, JAMES
MULVA, ARMED SERVES COMM. SAM NUNN, ROGER S. PENSKE,
ROBERT J. SWIERINGA, ROBERT C. WRIGHT, CHAIRMAN CEO, DOUGLAS A
WARNER, III,

                         *Respondent-Defendant-Appellee*,

_____

[1] The Honorable Reena Raggi, a member of the original panel recused herself. Therefore, this case is decided by the two remaining members of the panel pursuant to Second Circuit Internal Operating Procedure E(b), formerly Section 0.14(b) of the Local Rules of the United States Court of Appeals for the Second Circuit.

GENERAL ELECTRIC COMPANY, NOMINAL DEFENDANT,

*Nominal-Defendant-Appellee.*[2]

---

Appearing for Appellant:      William B. Federman, Federman & Sherwood, Oklahoma City, O.K.

Appearing for Appellee:      Greg A. Danilow, Stephen A. Radin, Evert J. Christensen, Jr., Weil, Gotshal & Manges LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Holwell, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Albert Stein, a shareholder in General Electric ("GE"), brought a derivative action charging GE's board of directors and other company officials with breach of fiduciary duty, contribution and indemnification, abuse of control, gross mismanagement, waste, unjust enrichment and misappropriation of information. Defendants-Appellees moved to dismiss for failure to adequately allege demand futility. After considering both the original complaint and appellant's proposed amendments, the district court granted appellees' motion to dismiss. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"In addition to meeting the generally applicable rules for pleading under the Federal Rules of Civil Procedure, the pleading of derivative actions must satisfy the requirements set forth in Rule 23.1" of the Federal Rules of Civil Procedure. *Halebian v. Berv,* 590 F.3d 195, 204 (2d Cir. 2009). Under Rule 23.1, a derivative complaint must "state with particularity . . . any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and . . . the reasons for not obtaining the action or not making the effort." Fed.R.Civ.P. 23.1(b)(3).

> Where "determination of the sufficiency of allegations of futility depends on the circumstances of the individual case, the standard of review for dismissals based on Fed.R.Civ.P. 23.1 is abuse of discretion." *Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 137 (2d Cir.2004) (internal quotation marks omitted). Where, however, "a challenge is made to the legal precepts applied by the district court in making a discretionary determination, plenary review of the district court's choice and interpretation of those legal precepts is appropriate." *Id.*

*Halebian*, 590 F.3d at 203.

---

[2]  We direct the Clerk of Court to amend the official caption of this case to reflect the parties' designations herewith.

New York is the state of GE's incorporation, and so New York law governs this case. *See Scalisi*, 380 F.3d at 138. In New York, demand is required before bringing a derivative suit. If demand is not made, demand futility must be established. Business and Corporation Law § 626(c) sets forth this requirement, stating that in any derivative "action, the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort." In analyzing this provision, the New York Court of Appeals has held that demand is excused because of futility when

> (1) . . . a complaint alleges with particularity that a majority of the board of directors is interested in the challenged transaction. Director interest may either be self-interest in the transaction at issue, or a loss of independence because a director with no direct interest in a transaction is "controlled" by a self-interested director.

> (2) . . . a complaint alleges with particularity that the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances . . . .

> (3) . . . a complaint alleges with particularity that the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors.

*Marx v. Akers*, 88 N.Y.2d 189, 200-01 (1996) (internal citations omitted).

Stein has failed to make any allegations at all supporting the inference that a majority of the directors were self-interested within the meaning of New York law in the challenged transaction. The test for self-interestedness is not whether a director or someone who controls him has engaged in or is liable for some sort of misconduct, but whether he will "receive a direct financial benefit from the transaction which is different from the benefit to shareholders generally." *Marx*, 88 N.Y.2d at 202. Stein has pleaded no connection between the press releases and other challenged actions and any self-interest by any director, much less a majority of them. This prong of *Marx* accordingly does not avail him.

As to the second prong, Stein has failed to make any more availing allegations. The complaint does not even contain a pro forma attempt to meet this part of *Marx*. Indeed, if Stein's complaint suggests anything, it is that the directors were too informed of the challenged transactions, i.e., that they were intentional. Stein pleads no facts with particularity supporting the charge that the board did not fully inform itself as reasonably appropriate under the circumstances.

Finally, as to whether the "complaint alleges with particularity that the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors," Stein fares no better. On appeal, he conflates the second and third prongs and argues that the egregious transaction was the failure to remain reasonably informed about the press releases. But *Marx* does not contemplate such a conflation. For purposes of the third prong, the challenged transaction can only be the complained of press releases and other

3

statements.  And as to those, Stein has again failed to plead with any particularity that the challenged transactions were so egregious on their face that they could not have been the product of sound business judgment.  We are mindful in making this determination that New York courts have suggested it is the "'rare case[] [in which] a transaction may be so egregious on its face that board approval cannot meet the test of business judgment.'" *Wandel v. Eisenberg,* 60 A.D.3d 77, 82 (1ˢᵗ Dep't 2009).

      We have examined the remainder of appellant's arguments and found them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

                             FOR THE COURT:
                             Catherine O'Hagan Wolfe, Clerk