12-2787-cv
Lerner v. Immelt

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

Present:
  PIERRE N. LEVAL,
  ROBERT A. KATZMANN,
  PETER W. HALL,
    *Circuit Judges.*

---

OLGA LERNER, Derivatively on behalf of Nominal Defendant GENERAL ELECTRIC COMPANY,

  *Plaintiff-Appellant*,

ALBERT STEIN,

  *Plaintiff*,

    v.          No. 12-2787-cv

JEFFREY R. IMMELT, BRACKETT T. DENNISTON, III, KEITH S. SHERIN, MICHAEL NEAL, LAURENT BOSSARD, JAMES MULVA, JAMES I. CASH, JR., ANDREA JUNG, ALAN G. LAFLEY, ROBERT J. SWIERINGA, ANN M. FUDGE, ROBERT C. WRIGHT, ROGER S. PENSKE, SUSAN HOCKFIELD, ROBERT W. LANE, PAMELA DALEY, SAM NUNN, DOUGLAS A. WARNER, III, ROCHELLE B. LAZARUS, KATHRYN A. CASSIDY, JAMIE S. MILLER, JOHN KRENICKI, JR.,

JOHN F. LYNCH, JOHN G. RICE, W. GEOFFREY
BEATTIE, WILLIAM M. CASTELL,

       *Defendants-Appellees*,

GENERAL ELECTRIC COMPANY,

       *Nominal Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | RICHARD D. GREENFIELD, Greenfield & Goodman LLC, New York, NY |
| For Defendants-Appellees: | GREG A. DANILOW (Stephen Radin, Everet J. Christensen, Jr., *on the brief*), Weil, Gotshal & Manges LLP, New York, NY |

      Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

      **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

      Plaintiff-Appellant Olga Lerner appeals from a judgment entered June 19, 2012 by the United States District Court for the Southern District of New York (Cote, *J.*). Specifically, Lerner challenges the district court's September 12, 2011 grant of the motion to dismiss filed by the Defendants-Appellees, directors and executives of General Electric ("GE"), and the court's June 15, 2012 denial of Lerner's motion for leave to file an amended complaint. In this derivative action, Lerner claims that the management and board of directors of GE violated their duties of care and loyalty to shareholders by engaging in risky corporate transactions and disguising those risks with accounting fraud and misstatements about GE's financial condition. We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

2

Rule 23.1 requires that a plaintiff in a shareholder derivative action "state with particularity . . . any effort by the plaintiff to obtain the desired action from the directors . . . and . . . the reasons for not obtaining the action or not making the effort."  Fed. R. Civ. P. 23.1(b)(3). This rule governs only "the specificity of facts alleged with regard to efforts made to urge a corporation's directors to bring the action in question[;] . . . the adequacy of those efforts is to be determined by state law."  *Halebian*, 590 F.3d at 206 n.7 (internal quotation marks omitted); *see also Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96-97 (1991) (demand requirement "is a matter of 'substance,' not 'procedure'").  In other words, Rule 23.1 creates a heightened pleading requirement for a federal derivative action, *In re Am. Int'l Grp., Inc. Deriv. Litig.*, 700 F. Supp. 2d 419, 430 (S.D.N.Y. 2010), *aff'd*, 415 F. App'x 285 (2d Cir. 2011) (summary order); but whether a plaintiff has pleaded a plausible claim that the board of directors wrongly refused her demand is evaluated under the substantive state law governing the demand requirement, *Halebian*, 590 F.3d at 206 n.7.  GE is incorporated in New York State, and New York law governs its internal affairs, including when and how a shareholder must make a demand on the board of directors before bringing a derivative action.  *See Stein*, 472 F. App'x at 65.

Lerner made an unsuccessful demand on the GE board; she alleges in her complaint that the board wrongly refused her demand.  In evaluating a board's decision to reject a shareholder demand, New York law presumes that the decision was the exercise of valid business judgment. *Stoner v. Walsh*, 772 F. Supp. 790, 798-99 (S.D.N.Y. 1991) (citing *Auerbach v. Bennett*, 47 N.Y.2d 619, 629 (1979)).  "[A]bsent a prima facie showing to the contrary, directors enjoy 'wide latitude . . .' under the business judgment rule."  *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986) (quoting *Norlin Corp. v. Rooney, Pace Inc.*, 744 F.2d 255, 264 (2d Cir. 1984)).  To overcome the presumption, the plaintiff must plausibly allege with

3

particularity either that the directors who made the decision were personally conflicted with respect to the demand, or that they did not employ "adequa[te] and appropriate[] . . . investigative procedures and methodologies" in considering the demand, such that they violated their duty of care. *Auerbach*, 47 N.Y.2d at 631, 634; Fed. R. Civ. P. 23.1(b)(3) (requiring allegations regarding demand to be pleaded with particularity).

Here, we find no error by the district court in concluding that Lerner failed to plausibly allege facts that would overcome the presumption created by the business judgment rule. First, we agree with the district court that, regardless of whether the New York Court of Appeals would find that Lerner conceded that the board was disinterested based on the facts that existed at the time she made her demand, *see FLI Deep Marine LLC v. McKim*, C.A. No. 4138, 2009 WL 1204363, at *3 (Del. Ch. Apr. 21, 2009) (describing analogous doctrine in Delaware law), Lerner has failed to plausibly allege with particularity facts showing that the directors who rejected her demand were conflicted with respect to the demand. Among the factors that support the district court's conclusion are the following: GE allowed only the outside (*i.e.*, non-management) directors to vote on Lerner's demand. Lerner alleges two kinds of conflict with regard to these outside directors, and neither is sufficient to overcome the business judgment rule. She first argues that the outside directors lacked independence because of the social and professional relationships they had with the inside directors. But simply alleging social and professional relationships is not in and of itself sufficient to cast doubt upon a director's independence. *See, e.g.*, *Lichtenberg v. Zinn*, 260 A.D.2d 741, 743 (3d Dep't 1999).

She also argues that the directors were not disinterested because they were personally implicated in the misconduct alleged in the demand letter and were named as defendants in other lawsuits arising out of the same alleged misconduct. That is not enough to overcome the

4

business judgment rule. "[A] plaintiff must do more than simply demand litigation against every director . . . and then name a majority of the Board which rejected demand as defendants in the complaint," *Stoner*, 722 F. Supp. at 803, just as naming directors in a lawsuit, without more, is insufficient to establish that they are conflicted and demand is futile. *See Lewis v. Graves*, 701 F.2d 245, 249 (2d Cir. 1983); *Marx v. Akers*, 88 N.Y.2d 189, 199-200 (1996). Indeed, in *Stein*, a parallel derivative action which contended demand should be excused, we rejected this exact same argument. *Stein*, 472 F. App'x at 66. We explained that "[t]he test for self-interestedness is not whether a director or someone who controls him has engaged in or is liable for some sort of misconduct, but whether he will 'receive a direct financial benefit from the transaction which is different from the benefit to shareholders generally.'" *Id.* (quoting *Marx*, 88 N.Y.2d at 202). Here, as in *Stein*, plaintiff simply makes no factual allegations with any specificity that would support a plausible inference that the outside directors were self-interested with respect to consideration of her demand.

Next, Lerner argues that GE's board violated its duty of care by referring her demand to the board's Audit Committee for investigation. She contends that the members of the Audit Committee are partly responsible for the wrongdoing alleged in her demand letter, and therefore the board should have instead referred the matter to an independent special litigation committee. This argument fails for two reasons. First, we again agree with the district court that Lerner has not alleged with particularity any facts demonstrating that the members of the Audit Committee were conflicted. She has simply demanded that they be sued and alleged in an entirely conclusory fashion that they failed to oversee GE's management and auditors. Second, absent plausible allegations showing that the directors are not disinterested, the board is not required to refer a shareholder demand to a special litigation committee. *See, e.g.*, *In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1134 (D. Del. 1988).

5

Finally, Lerner challenges the Audit Committee's decision to retain the law firm Cravath, Swaine & Moore LLP ("Cravath") to investigate her demand on the ground that Cravath, acting on behalf of the audit committee, allegedly asked the Securities and Exchange Commission ("SEC") not to pursue claims against certain individual GE directors arising out of the misconduct related to that alleged in this derivative action. According to plaintiff, because of this prior advocacy, Cravath could not investigate the allegations in the demand letter in an impartial manner. *See Stepak v. Addison*, 20 F.3d 398, 405 (11th Cir. 1994); *Langer v. Garay*, 30 A.D.2d 942, 942 (1st Dep't 1968) (per curiam) ("The appearance by the corporate defendant should be by independent counsel whose interests will not conflict with those of the individual defendants."). We disagree, and find no error in the district court's conclusion that Lerner failed to allege specific facts plausibly suggesting that Cravath could not investigate her demand impartially.

During the September 12, 2011 hearing at which the district court dismissed Lerner's claim, Lerner's counsel requested leave to file an amended complaint, representing that he had only recently "obtained thousands of documents" from the SEC in a Freedom of Information Act ("FOIA") proceeding that showed "detail that [he] didn't have before." By order dated September 12, 2011, the district court granted plaintiff 30 days to move for leave to amend, after explaining during the hearing that it would "determine whether or not to grant" the motion "after reviewing the proposed amended complaint[]."

Thirty days later plaintiff moved for leave to amend but failed to submit the proposed amended complaint as directed by the district court. Instead, she stated that she would file an amended complaint "within six months of [a] Court[] Order" granting the motion for leave, by which time plaintiff "anticipate[d] that additional material documents" would be available. Five

6

months later, on March 6, 2012, plaintiff's counsel informed the district court that his FOIA litigation had "concluded" and agreed that he was "in a position to provide within a matter of weeks an amended pleading."

Three months after that, when the plaintiff still had yet to submit her proposed amended complaint, the district court denied the motion for leave to amend, concluding that plaintiff "has not shown good cause for modifying the district court's schedule" and "has not been diligent in pursuing this action." The district court specifically noted that plaintiff's counsel had represented that he had "thousands" of documents and indicated that he was ready to file, before later asking for an additional six months to gather the documents, and ultimately never submitting a proposed amended complaint. We review the district court's denial of a motion for leave to amend for abuse of discretion. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). We find no abuse of discretion here.

We have considered all of the plaintiff's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7